HAYS, administrator, *v.* WESTBROOK.

While motions for new trials, made out of term, upon extraordinary grounds, are not favored by the courts, under the special facts of this case the court below did not abuse its discretion in granting the motion.

May 13, 1895.   Brought forward from the last term.

Levy and claim. Before Judge BOWER. Dougherty superior court. January 16, 1894.

WOOTEN & WOOTEN, for plaintiff.
W. T. JONES and HALL & HAMMOND, *contra.*

SIMMONS, Chief Justice.

The court below did not abuse its discretion in granting a new trial. It seems to us that the movant exercised all the diligence the law requires. Prior to the

trial, inquiries were made of the executor of Lockett for such papers as might throw light upon the transactions between Lockett, Rust and Johnston, touching the property in question, and careful search was made among the papers belonging to the estate, and in every other place where it was supposed such papers might be found; and the deed from Rust and Johnston to Lockett, upon which the extraordinary motion for a new trial was based, was not found until after this court had affirmed the judgment of the court below. It was found accidentally while a search for papers connected with another case was being made in a place where, up to that time, it was not supposed that any of Lockett's papers were. Until then the movant was ignorant that such a paper was in existence or had ever been executed. Rust, the only one of the parties to the deed who was alive when the litigation arose, was an old man, his memory was poor, and when examined as a witness at the trial, he had no recollection of such a paper. The evidence is not merely cumulative, and is such that on another trial it would probably change the result.

*Judgment affirmed.*