## WHEELER v. THE STATE.

GILBERT, J. 1. "Evidence that one of the State's witnesses since the trial has made declarations, even though under oath, that his testimony given upon the trial was false, is not cause for a new trial." *Johnson* v. *State*, 149 *Ga.* 214 (99 S. E. 609), and authorities cited. More especially is this true where the motion for new trial is made on extraordinary grounds, as in the present case.

2. "The extraordinary motions or cases contemplated by the statute are such as do not ordinarily occur in the transaction of human affairs; as, when a man has been convicted of murder and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character." *Cox* v. *Hillyer*, 65 *Ga.* 57; *Harris* v. *Roan*, 119 *Ga.* 379 (46 S. E. 433).

*Judgment affirmed. All the Justices concur.*
No. 1472. OCTOBER 14, 1919.

Indictment for rape. Before Judge Walker. Wilkes superior court. May 7, 1919.

(Former decision in 148 *Ga.* 508 (97 S. E. 408).

*Hugh E. Combs* and *Colley & Colley,* for plaintiff in error.

*Clifford Walker,* attorney-general, *R. C. Norman,* solicitor-general, and *M. C. Bennet,* contra.