## LAWHORN *v.* THE STATE.

HILL, J. Sim Lawhorn was indicted for the murder of S. S. Monk by shooting him with a pistol. The jury found him guilty, with a recommendation that he be punished by life imprisonment in the penitentiary; and he was accordingly sentenced by the court. The defendant made a motion for a new trial on the usual general grounds, and subsequently amended it by adding two grounds. The motion was overruled, and the defendant excepted.

1. Error is assigned because the court refused a new trial in view of newly discovered evidence. It appears that the newly discovered evidence was not only cumulative, but from the counter-showing made by the State it is sharply conflicting as to the truth of the facts claimed to be newly discovered. In such circumstances the Supreme Court will not interfere with the discretion of the trial court in refusing a new trial upon such ground. Penal Code (1910), § 1088; Civil Code (1910), §§ 6085, 6086; *Edenfield* v. *Brinson*, 149 *Ga.* 377 (3), 378 (100 S. E. 373); *Atlanta Consolidated Street Ry. Co.* v. *McIntire*, 103 *Ga.* 568 (29 S. E. 766); *Hall* v. *State*, 141 *Ga.* 7 (3) (80 S. E. 307); *Jones* v. *State*, 117 *Ga.* 710 (44 S. E. 877); *Miller* v. *State*, 119 *Ga.* 561 (46 S. E. 838); *O'Neil* v. *State*, 104 *Ga.* 538 (2) (30 S. E. 843). No abuse of discretion appears in this case.

2. Error is assigned in the second special ground of the motion for new trial, because the court failed to charge the law of voluntary manslaughter. The only eye-witness to the killing was the brother of the defendant, whose evidence as to what occurred at the time of the killing was as follows: "I was plowing peanuts on the side of the road between my house and the Dixie Highway, about 250 or 300 yards from my house east down the road from my house; and my brother came down there with a bucket of water for me. I went down to the road next to the fence, and to my surprise we saw Mr. Monk standing down there, and I spoke to him and asked him what did he think about

shipping the cantaloupes, and he said he did not know, and further-more didn't give a damn, and said, 'I come to settle this trouble we have been having; we have had enough trouble, and I come to settle it;' and about that time he commenced pulling his pistol out of his right-hand front pocket, and I said to my brother, 'He is fixing to shoot us,' and I could see him trying to get his pistol out, and it seemed to kinder hang or caught in his pocket, and I hollered to my brother, 'He is fixing to shoot us, look out, look out,' and about that time he got his pistol out and fired on my brother, and just in about one second after that my brother fired and Mr. Monk fell." *Held*, that under this evidence voluntary manslaughter was not involved, and the court did not err in failing to charge the law on that subject.

3. The evidence authorized the verdict, and the court did not err in re-fusing a new trial. *Judgment affirmed. All of the Justices concur.*

Russell, C. J., concurs dubitante.

        No. 3501.  MARCH 15, 1923.  REHEARING DENIED APRIL 18, 1923.

Indictment for murder.  Before Judge Eve.  Tift superior court.  October 21, 1922.

*Murrow & Bennet* and *Perry & Tipton,* for plaintiff in error.

*George M. Napier, attorney-general, R. S. Foy, solicitor-general, Seward M. Smith, assistant attorney-general,* and *Smith & Christian,* contra.