### 13931. HOLDER *et al.* v. FARMERS EXCHANGE BANK OF STILLMORE.

1. "The extraordinary motions or cases contemplated by the statute are such as do not ordinarily occur in the transaction of human·affairs; as, when a man has been convicted of murder, and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character. *Cox* v. *Hillyer,* 65 *Ga.* 57." *Harris* v. *Roan,* 119 *Ga.* 379 (2) (46 S. E. 433); *Norman* v. *Goode,* 121 *Ga.* 499 (1) (49 S. E. 268).

2. Where a motion for a new trial, made at the term of the court at which the verdict complained of was rendered, was overruled, and the decision was affirmed by this court, to authorize a second motion the extraordinary state of facts relied upon in support of the motion must have been unknown both to the movant and his counsel at the time of the first motion, or impossible to have been ascertained by the exercise of proper diligence for that purpose. *Malone* v. *Hopkins,* 49 *Ga.* 221 (1).

3. "A stricter rule is applied to extraordinary motions for new trial, based on newly discovered evidence, than to ordinary motions based on that ground. *Norman* v. *Goode,* 121 *Ga.* 449 (49 S. E. 268)." *Jackson* v. *Williams,* 149 *Ga.* 505 (2) (101 S. E 116).

4. In addition to the necessity of a showing of proper diligence to discover the facts which were made the basis of the motion, "due diligence required the movants to make their extraordinary motion for new trial

promptly on discovery of the grounds." *Crawley* v. *State*, 151 *Ga.* 818 (1) (108 S. E. 238, 18 A. L. R. 368).

5. "A ground of a motion for new trial based on newly discovered evidence was incomplete where only one of the officers of the losing party, a corporation, made affidavit that he did not know of the relationship of the juror to the opposite party at the time of the trial; it not appearing that this officer was the only officer of the corporation present at the trial of the case, and it affirmatively appearing that there were other officers of the company. And this is true although the officer who made the affidavit testified that the other officers of the corporation did not know of the disqualification of the juror." *Inter-Southern Life Insurance Co.* v. *McQuarie*, 148 *Ga.* 233 (2) (96 S. E. 424). Furthermore, in the particular case the affidavit of the officer of the corporation movant, which was dated April 10, 1922, in merely stating, upon the question of time, that the relationship of the juror to the stockholder of the plaintiff bank was unknown to this movant "until a short time ago," did not demand a finding that the relationship was not known at a time prior to the overruling of the first motion on May 31, 1921, the verdict having been rendered on October 19, 1920.

6. "A general statement that all possible diligence was used may need reduction to particular acts." *Patterson* v. *Collier*, 77 *Ga.* 292 (3) (3 S. E. 119). And see *Evans* v. *Grier*, 29 *Ga. App.* 426 (3) (115 S. E. 921).

7. In the absence of a showing demanding the conclusion both that the movants exercised proper diligence in discovering the relationship of the juror to the stockholder and that after discovering it they acted with sufficient promptness in instituting their extraordinary motion, the judgment overruling it must be affirmed.

DECIDED JUNE 25, 1923

Action on bond; from Emanuel superior court — Judge Hardeman. August 10, 1922.

Application for certiorari was denied by the Supreme Court.

*F. H. Saffold, Alfred Herrington, Felix C. Williams,* for plaintiffs in error.

*A. S. Bradley,* contra.

BELL, J. The Farmers Exchange Bank of Stillmore instituted a suit to the January term, 1920, of Emanuel superior court, against W. R. Holder and the American Surety Company, and recovered a verdict on October 19, 1920. A motion for a new trial was made by the defendants on the same day, and was overruled on May 31, 1921. That judgment was affirmed by this court on December 14, 1921, and a motion for rehearing was denied on February 28, 1922 (28 *Ga. App.* 21, 110 S. E. 762). An extraordinary motion for a new trial was presented at the April term, 1922, based upon the ground that one of the jurors who rendered the verdict against the movants was related within

the prohibited degree to one of the stockholders of the plaintiff bank. This motion being overruled, the defendants again excepted, and the case is here for a review of the latter judgment.

The prohibited relationship is not disputed. The contentions between the parties turned upon the question of diligence. The plaintiffs in error contend that they exercised all proper diligence both in the discovery of the relationship and in the prosecution of their motion. The defendant in error contends that there is no showing that sufficient diligence was exercised in the discovery of the relationship, and also that it was discovered prior to the January term, 1922, of Emanuel superior court, and that the motion should have been made at that term. Plaintiffs in error insist in their brief that certain evidence which was offered by the defendant in error in its counter-showing to the motion is without probative value, being hearsay, and in this opinion we will eliminate all of the evidence so criticised. The defendant in error does not question that a motion of this character upon such ground would be maintainable in a civil case, with a proper showing of diligence; and no decision is necessary upon that point, since we are of the opinion that the judgment of the court overruling the motion should be affirmed upon other grounds.

Assuming that all proper diligence was sufficiently shown in the evidence of the attorneys representing the movants, we will refer only to the two affidavits of the movant Holder, the one by the officer representing the comovant, the American Surety Company, and only one of those which were offered by the bank in rebuttal. That of Holder, attached to the motion, dated April 10, 1922, omitting formal parts, was: "that he knew nothing of the relationship existing between the juror, J. Walter Kirkland, trying the above-stated case and Mr. George M. Brinson, a stockholder in the plaintiff bank, until a short time ago; nor could he have ascertained the fact that such relationship existed, because both he and his counsel exercised every diligence to find if there was any reason why the said jurors trying said case should not serve." This was supplemented, on May 27, as follows: "that the facts set forth in the above and foregoing amendment to the extraordinary motion for new trial already of file are true, and that he never heard of or suspected or knew anything of such relationship until after the January term, 1922, of the superior court of

Emanuel county, and that this extraordinar⁓ motion for new .trial was filed at the next term of the court after the discovery of said relationship in said motion and amendment thereto set out."

A. O. Davis, resident vice-president of the American Surety Company, deposed on April 10, 1922, to the following effect: " That the American Surety Company of New York knew nothing of the relationship of juror trying the above-stated case to a stockholder in the plaintiff bank until a short time ago, nor could they have ascertained the fact that such relationship existed by [ ?] at the trial of said case, because due diligence was exercised to find out if there was any reason why the said juror mentioned in said motion should not serve."   The rebuttal affidavit, by one Morris Popkin, referred to, states that prior to December 10, 1921, " W. R. Holder, principal movant in this cause, in conversation at Stillmore with affiant, stated that he, Holder, was going to get a new trial of this case, but he did not state on what ground. Affiant tried to get said Holder to say on what grounds he expected to get the new trial, but said Holder would not divulge the facts upon which he relied."

We think that but little need be added to what is said in the headnotes.  It would seem that the affidavit which was made by the officer of the surety company falls squarely within the ruling of the Supreme Court in *Inter-Southern Life Insurance Co.* v. *McQuarie,* supra.  It is not shown that the affiant was the sole officer representing the company at the · trial, and he could not verify the want of knowledge in other officers or representatives of the company of the facts relied upon in support of the motion. His affidavit is signed as " Res. Vice President."  It would therefore appear, as in the case just cited, that he was not the sole officer of the company.

How was the discovery of the relationship made?  If by inquiry, it is not shown why the inquiry could not have been pursued before the first motion was disposed of, as well as afterwards.  If by accident, — out of the course of diligence and inquiry and independently thereof, — this fact is not shown.

The affidavit of Popkin that Holder stated to him in December, 1921, that he " was going to get a new trial " might be taken merely as the expression of a hope based upon the grounds of his first motion, then undisposed of by the Court of Appeals, but for the

fact that " he would not divulge the facts upon which he relied." There could be no reason for declining a reference specifically to his first motion, for that was already a matter of public record. Therefore, the inference was authorized that he relied upon some additional fact which he was not yet ready to disclose. His extraordinary motion subsequently filed was based upon a single ground. This must have been the ground that he had in mind when speaking to Popkin prior to December 10. While the affidavit of Holder would show that he did not know of the relationship at that time, he so states only in general terms, and does not in any way explain or refer to the incident which is mentioned in the affidavit of Popkin. Besides, if there were an issue here, the superior court's settlement of it would be final.

Thereafter the January term of the superior court was held. It is said in *Crawley* v. *State,* supra, that extraordinary motions must be made promptly on discovery of the grounds. We do not find any statute requiring that the motion shall be made at the first term after the discovery, but we think that the trial court was authorized to find as a matter of fact that there was not sufficient promptitude in the prosecution of the motion at the later term. This question was not made or decided in the *Crawley* case.

Assuming that any knowledge of the grounds of the motion by Holder could in no wise affect the rights of the surety company, it has already been noted that the affidavit which was offered in its behalf does not show when it first knew of the relationship, except by the indefinite phrase " a short time ago."

The overruling of an extraordinary motion for a new trial will not be reversed unless the discretion of the trial judge has been abused. For the reasons appearing both here and in the headnotes, we are satisfied that the judgment should be affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*