14591.    FARMERS UNION WAREHOUSE OF METTER *v.* BOYD.

BELL, J. 1. "The extraordinary motions or cases contemplated by the statute are such as do not ordinarily occur in the transaction of human affairs, as, when a man has been convicted of murder, and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character." *Harris* v. *Roan,* 119 *Ga.* 379 (2) (46 S. E. 433); *Norman* v. *Goode,* 121 *Ga.* 449 (1) (49 S. E. 268).

2. Where a motion for a new trial, made at the term of the court at which the verdict complained of was rendered, was overruled, and the decision was affirmed by this court, to authorize a second motion the extraordinary state of facts relied upon in support of the motion must have been unknown to the movant and his counsel at the time of the first motion, and impossible to have been ascertained by the exercise of proper diligence for that purpose. *Malone* v. *Hopkins,* 49 *Ga.* 221 (1); Civil Code (1910), § 6086. This rule is applicable where the ground of the motion is the prohibited relationship of one of the jurors to the prevailing party or his attorney whose fee was contingent upon a recovery. Compare *Merritt* v. *State,* 152 *Ga.* 405 (6) (110 S. E. 60).

3. "A stricter rule is applied to extraordinary motions for new trial based on newly discovered evidence than to ordinary motions based on that ground. *Norman* v. *Goode,* 121 *Ga.* 449 (49 S. E. 268)." *Jackson* v. *Williams,* 149 *Ga.* 505 (2) (101 S. E. 116).

4. In the absence of a showing demanding the conclusion that the movant and its attorneys exercised proper diligence in discovering the relationship, as well as the fact that the fee of the attorney was contingent, the

discretion of the trial judge in overruling the motion will not be controlled. *Holder* v. *Farmers Exchange Bank*, 30 *Ga. App.* 400 (7) (118 S. E. 467).

5. A bare recital in the affidavits of the movant and its counsel that the extraordinary state of facts could not have been known or discovered by the exercise of ordinary and reasonable diligence until after the overruling of the first motion is but a mere conclusion or opinion, without a disclosure of the facts upon which the same is based, and in such a case the trial judge is not bound as a matter of law to hold that the affiants exercised the required diligence. *Evans* v. *Grier*, 29 *Ga. App.* 426 (3) (115 S. E. 921), and cases cited. See also *Holder* v. *Farmers Exchange Bank*, supra. It was not deposed in any form that the discovery that the fee of the opposing counsel was contingent could not have been made earlier by ordinary diligence.

6. It follows from the above that the court did not err in overruling the extraordinary motion.

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED OCTOBER 12, 1923.

Motion for new trial; from Candler superior court—Judge Hardeman. April 4, 1923.

*J. L. Brown, Fred. T. Lanier, Kirkland & Kirkland,* for plaintiff in error. *W. H. Lanier, Deal & Renfroe,* contra.