### 15009. TAYLOR *v.* THE STATE.

Bloodworth, J. 1. This court cannot say that the trial judge abused his discretion in overruling the motion to continue this case, when the ground of the motion for a new trial relating to it is considered in connection with the qualifying note of the trial judge.

2. A portion of the alleged newly-discovered evidence can in no sense be "newly discovered." The only effect of so much of the newly discovered evidence as could be treated as such would be to impeach the witnesses for the State, and it is settled law in this State that, even "though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness, a new trial will not be granted." *Key* v. *State*, 21 *Ga. App.* 795 (95 S. E. 269).

13

3. There is some evidence to support the verdict, which has the approval of the trial judge, and, no error of law having been shown, this court is powerless to interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 15, 1923.

Indictment for unlawful disposal of crop; from Montgomery superior court—Judge Highsmith. August 8, 1923.

*William B. Kent,* for plaintiff in error.

*M. H. Boyer, solicitor-general,* contra.