## 15701.  EDENFIELD v. YOUMANS.

The overruling of an extraordinary motion for a new trial, based on a juror's relationship to one of the parties, will not be reversed, under the facts of this case, especially in view of the movant's delay in filing the motion, and of his opportunities for knowing the relationship.

DECIDED FEBRUARY 11, 1925.

Extraordinary motion for new trial; from Emanuel superior court—Judge Hardeman.  May 8, 1924.

*Kirkland & Kirkland, F. H. Saffold,* for plaintiff in error.

*I. W. Rountree,* contra.

JENKINS, P. J.  1.  "A jury composed of men who are not lawful men, men whose relationship to the parties renders them incompetent as jurors, can not render a lawful verdict," and where a party has not waived the incompetency expressly, or impliedly by failing to object thereto after knowledge of the same, the court, upon a proper timely motion, should set such a verdict aside.  *Ga. R. v. Cole, 73 Ga. 713; Moore v. Farmers Mut. Ins. Assn., 107 Ga. 199 (33 S. E. 65); Strickland v. State, 115 Ga. 261 (41 S. E. 713).*

2.  Motions for new trial based upon extraordinary grounds and made after the time prescribed by law for ordinary motions are not favored by the courts.  *Hays v. Westbrook, 96 Ga. 219 (22 S. E. 893).*  "Some good reason must be shown why the motion was not made during the term, which shall be judged of by the court," after 20 days notice given to the opposite party.  Civil Code (1910), § 6092.  "The facts asserted must have been unknown to the plaintiff in error or his counsel at the time of the first motion, and impossible to have been ascertained by the exercise of proper diligence."  *Malone v. Hopkins, 49 Ga. 221.*  Although due diligence does not require a party, when furnished with a panel of jurors composed of persons otherwise competent to sit as jurors, to ascertain and call attention to the fact that a juror is disqualified by reason of his relationship to one of the parties, unless he knows or has a reasonable ground to suspect the same so that further inquiry should be made, or to make searching investigations out of court (*Moore v. Farmers Mut. Ins. Assn., 107 Ga. 199, 209, 33 S. E. 65)*, it is nevertheless required that he shall make his extraordinary motion "promptly on discovery of the grounds;" and where facts come within his knowledge following a

trial, from which reasonable inquiry would develop full knowledge of the disqualification of a juror, due diligence requires that such an inquiry be made. *Holder* v. *Farmers Exchange Bank*, 30 *Ga. App.* 400 (118 S. E. 467).

3. "The overruling of an extraordinary motion for a new trial will not be reversed unless the discretion of the trial judge has been abused," nor "in the absence of a showing demanding the conclusion both that the movants exercised proper diligence in 'discovering the relationship of the juror . . and that after discovering it they acted with sufficient promptness in instituting their extraordinary motion." *Holder* v. *Farmers Exchange Bank*, supra; *Brown* v. *State*, 141 *Ga.* 783 (1 (*a*)) (82 S. E. 238); *Patterson* v. *Collier*, 77 *Ga.* 292 (2, 3), 296 (3 S. E. 119, 296); *Cox* v. *State*, 19 *Ga. App.* 283, 291, 292 (91 S. E. 422). Under the particular facts of the instant case, as developed by the affidavits of the movant and the counter-affidavits of the respondent, especially in view of the lapse of time between the trial and the filing of the extraordinary motion, and the opportunities for close business and personal connections of the persons in question, all within a limited territory, this court can not say that the superior-court judge abused his discretion in overruling the motion and in finding that the defendant movant had failed to exercise proper diligence in discovering the admitted relationship of the juror to the plaintiff in the original case and in thereafter filing the motion.

*Judgment affirmed. Stephens and Bell, JJ., concur.*