### 17703.  MORROW *v.* THE STATE.

A correct judgment will not be reversed because a wrong reason was given for it.

It is not cause for a new trial in a criminal case that after the trial the sole witness for the prosecution declared that his testimony was false.

The affidavit of the movant in the extraordinary motion for a new trial was fatally defective.

DECIDED DECEMBER 14, 1926.

Certiorari; from Floyd superior court—Judge Maddox.  September 6, 1926.

*John Camp Davis,* for plaintiff in error.

*Alec Harris, solicitor, J. F. Kelly, solicitor-general,* contra.

LUKE, J.  Morrow was convicted of violating the prohibition statute.  His case was brought to this court, and the judgment was affirmed.  See 34 *Ga. App.* 780.  After the judgment of this court was made the judgment of the trial court, Morrow filed an extraordinary motion for a new trial, based upon alleged newly discovered evidence.  This evidence consisted of affidavits of several witnesses who swore that since the trial they heard the witness for the State (whose testimony upon the trial convicted Morrow) state that he had sworn falsely upon the trial, that he had so testified because he had a probation sentence hanging over him, and that his testimony against Morrow was the result of coercion on the part of the judge of the court who had sentenced him for a violation of the prohibition statute, and made his presence in court and his testimony against Morrow in the instant case a condition precedent to his right to serve his sentence outside the confines of the chain-gang.  The extraordinary motion for a new trial was overruled by the judge upon the ground that "it does not appear that the witness, Barney Pearson, whose testimony is attached to said motion, has been convicted of the offense of perjury in this case, as is provided in section 5961 of the Code of 1910."  Morrow sued out certiorari, the certiorari was overruled by the judge of the superior court, and Morrow excepted.

Conceding, but not deciding, that the provisions of section 5961 of the Civil Code (1910) are not applicable to this case, the judgment overruling the extraordinary motion for a new trial should

Criminal Law, 16 C. J. p. 1121, n. 53 New; p. 1189, n. 66; p. 1205, n. 84; p. 1232, n. 83, 85, 91; 17 C. J. p. 203, n. 96.

nevertheless be affirmed. It is well settled, by repeated rulings of this court and of the Supreme Court, that if the judgment of the trial court is correct for any reason, it should be affirmed, although the trial court may have given a wrong reason for its judgment. It is also well settled by numerous decisions that the fact that a witness for the State in a criminal case, though he be the only witness for the prosecution, has made declarations, since the trial, that his testimony given upon the trial was false, is not cause for a new trial; and, a fortiori, it is not cause for a new trial on an extraordinary motion therefor, such motions not being favored by the courts. Furthermore, the affidavit of the accused and his counsel are fatally defective, in that the accused failed to state in his affidavit that he could not have discovered the alleged newly discovered evidence before his first motion for a new trial by the exercise of ordinary diligence, and his counsel failed to state in their affidavit that they did not know of the alleged newly discovered evidence before they filed the first motion for a new trial. It follows that the overruling of the certiorari was not error.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*