### 18327.  BRANNEN *et al. v.* RIGGS.

1. An extraordinary motion for a new trial is not the proper method to secure the reinstatement of a former motion for a new trial which was dismissed.
(*a*) A motion to reinstate a case because of the illness of counsel when the case was dismissed is fatally defective when it does not allege that at the time of the dismissal counsel was unable to notify the court of his condition.
2. The overruling of an extraordinary motion for a new trial will not be reversed unless it appears that the judge abused his discretion.

DECIDED NOVEMBER 16, 1927.

Motion for new trial; from city court of Statesboro—Judge Proctor.  June 4, 1927.

*J. L. Brown, Hugh R. Kimbrough, Howell Cone,* for plaintiffs in error.

*Fred T. Lanier,* contra.

BLOODWORTH, J.  On April 11, 1927, an extraordinary motion for a new trial was filed, upon two grounds: (1) that the court had, on February 12, 1927, erred in dismissing an ordinary motion for a new trial, and (2) because of newly discovered evidence that a juror "who was on the panel that rendered a verdict for the plaintiff therein was a disqualified juror because of relationship to the plaintiff."

1.  The first of these grounds is without merit, because an

---

New Trial, 29 Cyc. p. 765, n. 38; p. 955, n. 39; p. 1008, n. 48; p. 1028, n. 87.

extraordinary motion for a new trial is not the proper method to secure the reinstatement of a former motion for a new trial which was dismissed. Moreover, even had this been a proper proceeding, the motion as made would not have availed the movant. In his extraordinary motion it was alleged that on February 12th, the day set for the hearing of the original motion for a new trial, J. L. Brown, leading counsel for movant, "was too ill to attend court at Statesboro, or to prepare a brief of the evidence, or to prepare an amendment to the motion for a new trial." There was nothing in the motion to the effect that leading counsel was too ill to notify the court of his condition or that associate counsel conveyed to the court such information. In *Brown* v. *Verekas*, 164 *Ga.* 733 (139 S. E. 344), it was held: "Petition for injunction and to vacate judgment on ground that petitioner's attorney was sick in bed and unable to be in court, or know that case was assigned for trial, failing to allege that counsel was unable to notify court of his condition, did not set out cause of action for equitable relief."

2. "Motions for new trials upon extraordinary grounds are not favored by the courts. *Hayes* v. *Westbrook*, 96 *Ga.* 219 (22 S. E. 893) ;" *Jackson* v. *State*, 30 *Ga. App.* 669 (118 S. E. 763). Where an extraordinary motion for a new trial is based upon the alleged relationship of one of the jurors to a party to the cause, it is required that the movant "shall make his extraordinary motion 'promptly on discovery of the grounds,' and where facts come within his knowledge following a trial, from which reasonable inquiry would develop full knowledge of the disqualification of a juror, due diligence requires that such an inquiry be made. *Holder* v. *Farmers Exchange Bank*, 30 *Ga. App.* 400 (118 S. E. 467)." *Edenfield* v. *Youmans*, 33 *Ga. App.* 430, 431 (126 S. E. 908). The relationship between the party and juror in this case is not in dispute. This relationship was shown by the affidavit of W. R. Rowe. This affidavit was obtained by Cleve Jones, an attorney, and in it Rowe swore that Cleve Jones "is the only person that approached deponent to get an affidavit in said case, and that he is the only one representing defendants that ever discussed the matter with deponent," and that "about four weeks prior to February 12, 1927," Cleve Jones came to his home and inquired about the relationship of W. L. Zetterower to the plain-

tiff, and that he then explained to Jones the relationship, and Jones at that time made a diagram or drawing on paper showing the relationship, similar to the one attached to the affidavit made by deponent on February 12, 1927." Howell Cone, one of the attorneys for plaintiffs in error, and "who had the most to do with and took the leading part in getting up the affidavits and making the showing that one of the jurors in the first case was related to plaintiff," testified that Lester Brannen, a brother of plaintiffs in error "was to get the affidavit of W. R. Rowe on the 11th of February, but did not get it," and that "D. C. Jones was consulted by the said Lester Brannen and was to go with said Lester Brannen to get said affidavit," and that he "had heard that there was relationship if affidavit could be obtained." In addition to this, Attorney Cone, on the morning of February 12th and before the call of the motion for a new trial, stated, in reference to the relationship of the party and juror, "We have not got to hunt for it. We have already found it." "The overruling of an extraordinary motion for a new trial will not be reversed unless the discretion of the trial judge has been abused." *Holder* v. *Farmers Exchange Bank,* 30 *Ga. App.* 404 (118 S. E. 467).

Under the evidence submitted in the instant case, the judge was authorized to find that counsel for the movant, before the ordinary motion for a new trial was dismissed, knew of the relationship of the juror to the plaintiff; and this court can not hold that the judge abused his discretion in overruling this ground of the extraordinary motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*