18849. TYRE *v.* THE STATE.

DECIDED MAY 15, 1928. REHEARING DENIED JUNE 12, 1928.

*W. D. Turner, M. Price, D. M. Parker,* for plaintiff in error.
*W. B. Gibbs, solicitor-general,* contra.

BLOODWORTH, J. This extraordinary. motion for a new trial presents two questions: First, one of the twelve jurors who rendered the verdict against the plaintiff in error is alleged to have been an incompetent juror because of certain alleged statements made by him showing his bias and prejudice against the plaintiff in error. Second, alleged newly discovered evidence. As to the first of these the State made a counter-showing, and as to the second it appears that the alleged newly discovered evidence comes from a witness who testified in the case. Under the facts of this case and the principles announced in the following rulings, the judge did not abuse his discretion in overruling the motion for a new trial:

(a) "The granting of a new trial on the ground of newly discovered evidence is not favored by the courts, and it should clearly appear that the evidence newly discovered is of such a character as to probably change the result upon another trial." *McDuffie* v. *State, 2 Ga. App.* 401 (58 S. E. 544).

(b) "Extraordinary motions for new trial are not favored. *Perry* v. *State,* 117 *Ga.* 719 (45 S. E. 77); *Norman* v. *Goode,* 121 *Ga.* 449 (40 S. E. 268); *Burge* v. *State,* 133 *Ga.* 431 (66 S. E. 243); *Bass* v. *State,* 154 *Ga.* 112, 115 (113 S. E. 524)." *Coggeshall* v. *Park,* 162 *Ga.* 78 (1).

(c) "Motions for new trials upon extraordinary grounds are not favored by the courts (*Hays* v. *Westbrook,* 96 *Ga.* 219, 22 S. E. 893), and a stricter rule is applied to such motions where they are based upon the ground of newly discovered evidence than to an ordinary motion based upon such a ground. *Norman* v. *Goode,* 121 *Ga.* 449 (49 S. E. 268)." *Jackson* v. *State,* 30 *Ga. App.* 669 (118 S. E. 757).

(d) "Extraordinary motions for new trials are not favored by the courts, and in passing upon such motions the trial judge is vested with a wide discretion. In this case the extraordinary motion, based upon the ground that two of the jurors who tried the defendant had prior to the trial expressed an opinion as to the defendant's guilt, was met by a counter-showing by the State, and, under this showing, this court can not hold that the trial judge abused his discretion in overruling the motion." *Durden* v. *State,* 31 *Ga. App.* 295 (121 S. E. 840).

(e) "The extraordinary motions for new trials contemplated by our statute are such as do not ordinarily occur in the transaction

of human affairs, as when a man has been convicted of murder, and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character. *Malone* v. *Hopkins,* 49 *Ga.* 221; *Cox* v. *Hillyer,* 65 *Ga.* 57; *Harris* v. *Roan,* 119 *Ga.* 379 (46 S. E. 433); *Wheeler* v. *State,* 149 *Ga.* 473 (100 S. E. 568); *Harris* v. *State,* 150 *Ga.* 680, 682 (104 S. E. 902)." *Coggeshall* v. *Park,* 162 *Ga.* 78 (2) (132 S. E. 632); *Lawhorn* v. *State,* 155 *Ga.* 373 (116 S. E. 822), and cit.

(*f*) "All applications for new trials upon the ground of newly discovered evidence are addressed to the sound legal discretion of the trial judge; and even if the newly discovered evidence relied on as a ground for a new trial was not cumulative in its nature, there is nothing in the record to indicate that the judge abused the discretion vested in him in overruling the motion on this ground. *Miller* v. *State,* 119 *Ga.* 561 (46 S. E. 838)." *Bradford* v. *Brand,* 132 *Ga.* 642 (64 S. E. 660).

(*g*) "Where a motion for new trial is based exclusively on the ground of newly discovered evidence, and it appears that the evidence relied on is cumulative only and would not probably produce a different result, the motion should be denied." *Hanye* v. *Candler,* 99 *Ga.* 214 (25 S. E. 606).

(*h*) "The alleged newly discovered evidence as set out in the affidavit attached to the motion for new trial is too indefinite to be of any value as evidence, and is not such as would probably cause a different verdict on another trial." *Smith* v. *State,* 21 *Ga. App.* 143 (94 S. E. 62).

(*i*) "An extraordinary motion for new trial, based upon newly discovered evidence, ought not to prevail, unless there has been full diligence to procure the evidence before the trial; nor unless the new evidence would probably produce a different verdict if a new trial were had." *Patterson* v. *Collier,* 77 *Ga.* 292 (3 S. E. 119).

(*j*) The plaintiff in error "failed to exercise due diligence; since one of the witnesses whose testimony was discovered after the trial was present at the trial, and the other was actually sworn as a witness for the defendant." *Calhoun* v. *State,* 17 *Ga. App.* 515 (3) (87 S. E. 769). See *McNair* v. *Newsome,* 16 *Ga. App.* 392 (2) (85 S. E. 616); *Evans* v. *Grier,* 29 *Ga. App.* 426 (4, 5, 6) (115 S. E. 921).

(*k*) "This court will not interfere with the judgment of a trial court granting a new trial upon the ground of newly discovered evidence unless it is made to appear that the trial judge abused his discretion." *Exchange Bank of Oakfield* v. *Cone,* 18 *Ga. App.* 432 (89 S. E. 430).

(*l*) "Where a ground of a motion for new trial based on newly discovered evidence is filed, and a counter-showing is made, so that a conflict arises as to the material facts upon which the ground is based, a reviewing court will not, except in a case of manifest abuse of discretion, reverse the finding of the trial judge." *Fouraker* v. *State,* 4 *Ga. App.* 692 (62 S. E. 116).

(*m*) "Where, after verdict, in a motion for a new trial the impartiality of two of the jurors was attacked, and there was a showing and a counter-showing on the subject, and the presiding judge passed on the conflicting evidence, his finding will not be reversed, unless he has abused his discretion. *Jefferson* v. *State,* 137 *Ga.* 382 (73 S. E. 499)." *Embry* v. *State,* 138 *Ga.* 464 (2) (75 S. E. 604) ; *Frank* v. *State,* 141 *Ga.* 243, 247 (18), 283 (80 S. E. 1016).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*