19675.  DAVIS *et al. v.* THE STATE.

DECIDED JULY 9, 1929.

*Henry O. Farr, Emmett McElreath, Mingledorff & Gibson,* for plaintiff in error.

*W. B. Gibbs, solicitor-general,* contra.

BLOODWORTH, J.  E. J. and T. Davis were indicted for the murder of Rant Groover.  They pleaded not guilty.  The trial resulted in a verdict of voluntary manslaughter.  The defendants made a motion for a new trial, and when this was overruled they filed a bill of exceptions.

Only the first headnote needs elaboration.  In special ground 1 of the motion for a new trial the court is alleged to have erred in allowing a witness to swear that in June prior to the homicide in September he heard E. J. Davis, one of the defendants, say:  "I knocked

Bill Cronk down, and if this safety had worked on this gun I would have got Rant Groover." In the 2d special ground error is alleged in that the court allowed the witness to testify to the following statement made by T. Davis, the other defendant: "That son of a gun [referring to the deceased] ain't no account anyway, he ought to have had a load of buckshot in his neck a long time ago." This statement is alleged to have been made sometime before the homicide. The objection to the statement made by E. J. Davis was that it was not made in the presence of Rant Groover or T. Davis, and that "it could not be a threat in any sense of the word." The objection to the alleged statement of T. Davis was that "there is no element of a threat in it." For no reason urged against it was either statement inadmissible as evidence. This evidence was admissible as tending to show malice, intent, or motive, the state of mind of each of the accused. In *Jeffords* v. *State*, 162 *Ga.* 573 (134 S. E. 169), evidence was objected to as "being an account of a difficulty which had occurred more than a year previous," and because "said evidence sought to show that there were words, without threats or any difficulty, which had been uttered approximately a year before the homicide." The evidence was admitted, and Mr. Justice Hines, in the opinion, said: "We hold that the testimony so objected to was admissible as tending to show malice, intent, or motive on the part of the accused in killing the deceased. The weight to be given to such evidence was a matter for the jury. 'Express malice is that deliberate intention unlawfully to take away the life of a fellow creature, which is manifested by external circumstances capable of proof,' such as previous difficulties and ancient grudges. *Milchum* v. *State*, 11 *Ga.* 615, 628; *Wilson* v. *State*, 33 *Ga.* 207, 217; *Brown* v. *State*, 51 *Ga.* 502, 505; *Henderson* v. *State*, 120 *Ga.* 504, 506 (48 S. E. 167); *Frank* v. *State*, 141 *Ga.* 243 (80 S. E. 1016); *Hill* v. *State*, 148 *Ga.* 521 (97 S. E. 442); *Williams* v. *State*, 152 *Ga.* 498 (110 S. E. 286); *Fairfield* v. *State*, 155 *Ga.* 660, 663 (118 S. E. 395)." See also *Chancey* v. *State*, 141 *Ga.* 54 (4) (80 S. E. 287). Moreover, the record shows by uncontradicted evidence which was not objected to that T. Davis had, during the blackberry season, said: "He'd kill him [Rant Groover] the damned son of a bitch, if he had to wear stripes the rest of his life to get satisfaction;" and in May E. J. Davis said: "If ever I get a chance, I am going to kill Rant Groover."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*