20312. DAVIS et al. v. THE STATE.

BROYLES, C. J. 1. "Motions for new trials upon extraordinary grounds are not favored by the courts (*Hays* v. *Westbrook*, 96 *Ga.* 219, 22 S. E. 893), and a stricter rule is applied to such motions where they are based upon the ground of newly discovered evidence than to an ordinary motion based upon such a ground. *Norman* v. *Goode*, 121 *Ga.* 449 (49 S. E. 268)." *Jackson* v. *State*, 30 *Ga. App.* 669 (118 S. E. 763); *Tyre* v. *State*, 38 *Ga. App.* 206, 207 (143 S. E. 778).

2. The accused were convicted of voluntary manslaughter and the judgment overruling their motion for a new trial was affirmed by this court. *Davis* v. *State*, 40 *Ga. App.* 123 (149 S. E. 51). Subsequently they filed an extraordinary motion for a new trial, based upon the ground of newly discovered evidence of threats made by the deceased against them, but which were uncommunicated to them before the homicide. Such evidence would not have been admissible upon the trial if it had been offered, since it was not shown, otherwise than by the statements of the accused, that the deceased was the assailant at the time of the killing. *Vaughn* v. *State*, 88 *Ga.* 731 (2) (16 S. E. 64); *Nix* v. *State*, 120 *Ga.* 162 (2), 165 (47 S. E. 516); *Pride* v. *State*, 133 *Ga.* 438 (2) (66 S. E. 259); *Ellison* v. *State*, 21 *Ga. App.* 259 (2) (94 S. E. 253). Under this ruling, the grounds of the extraordinary motion for a new trial were without merit, and the court did not err in overruling the motion.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 16, 1930.

*Henry O. Farr, Emmett McElreath, Mingledorff & Gibson,* for plaintiff in error.

*W. B. Gibbs, solicitor-general,* contra.