*E. M. Owen, solicitor-general, B. F. McKnight,* contra.

## 20346. SMITH *v.* THE STATE.

DECIDED APRIL 16, 1930.

*Berry T. Moseley, James W. Arnold,* for plaintiff in error.

*R. Howard Gordon, solicitor,* contra.

BLOODWORTH, J. This case is here by reason of an extraordinary motion for a new trial. In the city court of Danielsville an accusation was preferred against Fred Smith, charging that he "did transport on the highways of said State and county, and did possess and control spirituous liquors and malt liquors and intoxicating liquors and intoxicating beverages." The trial of the case resulted in a verdict of guilty. A motion for a new trial was overruled. The case was brought to this court and the judgment overruling the motion for a new trial was affirmed. Thereafter this extraordinary motion was filed, in which it is alleged that a new trial should be granted the accused because his brother, Jet Smith, in an affidavit says that the defendant "is entirely innocent of the offense for which he was convicted, and says that he [Jet Smith] is the guilty party instead of this defendant. . . Deponent says that Fred Smith was not the driver of said car, but that deponent was the driver of said car, . . and that Fred Smith is entirely innocent of being in said car at any time on that afternoon, or of having any guilty knowledge of where the said car went to or for what purpose it was being used." J. T. McElroy, in an affidavit, swears "that he has known Jet Smith since the said Jet Smith was a small boy; that Jet Smith is a brother of Fred Smith, is near the same age, and near the same size, both of them being of low stature and chunky." Upon the trial the sheriff and

a county policeman identified the defendant, Fred Smith, as the driver of a certain automobile in which liquor was being transported.

Extraordinary motions for a new trial are not favored. In *Coggeshall* v. *Park*, 162 *Ga.* 78 (2) (132 S. E. 632), it was held: "The extraordinary motions for new trials contemplated by our statute are such as do not ordinarily occur in the transaction of human affairs, as when a man has been convicted of murder, and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character. *Malone* v. *Hopkins*, 49 *Ga.* 221; *Cox* v. *Hillyer*, 65 *Ga.* 57; *Harris* v. *Roan*, 119 *Ga.* 379 (46 S. E. 433); *Wheeler* v. *State*, 149 *Ga*: 473 (100 S. E. 568); *Harris* v. *State*, 150 *Ga.* 680, 682 (104 S. E. 902)." Moreover, in the instant case it appears from the record that by ordinary diligence the alleged newly discovered evidence could have been discovered in time for use upon the trial of the case. The court did not abuse its discretion in overruling the extraordinary motion for a new trial. See *Norman* v. *Goode*, 121 *Ga.* 449 (2) (49 S. E. 268).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*