586

20008.   SMALLWOOD v. KENNEDY.

BELL, J.   1. Conflicts of evidence and the credibility of witnesses are ques-
tions solely for the jury to determine, subject to the approval of the
trial judge, and verdicts depending upon such questions can not be
set aside by the court on the general grounds.   *McLendon* v. *Reynolds
Grocery Co.*, 160 *Ga.* 763 (6) (129 S. E. 65).
2. In the trial of the instant trover suit to recover an automobile, the
evidence did not demand the inference that the plaintiff authorized or
ratified the sale of the automobile, to which she was shown to have
title, nor that she directly or indirectly clothed any person with ap-
parent authority to sell it.
3. It does not appear without dispute, as contended by the defendant, that
the plaintiff authorized her husband to deliver the car to the defend-
ant's vendor, a dealer, for the purpose of showing it to a prospective
purchaser, the plaintiff having testified positively to the contrary; nor
can it be held as a matter of law upon any theory that the verdict for
the plaintiff was not supported by the evidence.   See, in this connec-
tion, *Harrison* v. Auto Securities Co., 70 Utah 11 (257 Pac. 677, 57
A. L. R. 388).
4. "When parties are furnished with a list of the jury it is their duty,
if they know that any of the jurors are disqualified, to call attention
to the same, or the disqualification will be held to have been waived.
If they have reasonable grounds to suspect that any of the jurors are
disqualified, it is their duty to call attention to the fact, so that due
inquiry may be made of the panel."   *Moore* v. *Farmers Mutual Insur-
ance Association*, 107 *Ga.* 199 .(2) (33 S. E. 65).   The court was au-
thorized to apply this rule in the instant case, and therefore did not err
in refusing to grant a new trial because of the disqualification of one
of the jurors.   Compare *Holder* v. *Farmers Exchange Bank*, 30 *Ga. App.*
400 (118 S. E. 467); *Edenfield* v. *Youmans*, 33 *Ga. App.* 430 (126 S.
E. 908); *Jones* v. *State*, 135 *Ga.* 357 (5) (69 S. E. 527).
        *Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*
                    DECIDED JUNE 13, 1930.

*Hinton Booth, Deal & Renfroe,* for plaintiff in error.
*Fred T. Lanier,* contra.