## 20973. DIXON *v.* THE STATE.

DECIDED DECEMBER 19, 1930.

*Dampier & Watson, E. L. Stephens,* for plaintiff in error.

*Fred Kea, solicitor-general,* contra.

BLOODWORTH, J. 1. The accused was convicted of selling intoxicating liquor, and excepts to the overruling of his motion for a new trial. The one special ground of the motion alleges that

"before the court recessed at 12:30 for dinner, the court instructed the officer in charge to take the jury to dinner, . . that when the court reconvened at 2 o'clock the jury had returned to the jury room and were deliberating said case;" that sometime thereafter the court had the jury brought back from the jury room, and the following occurred: "The court: Gentlemen, have you agreed on a verdict in this case? The jury: No, sir. The court: Question of law or a question of fact? The jury: A question of fact. The court: Some jury has got to try this case, and you all are as capable as any other jury that could be empaneled in this county. Make a conscientious effort to arrive at a verdict in this case. How do you stand in respect to number? The jury: About half and half. The court: Retire and make up a verdict in this case." The defendant excepted to these words and assigned error thereon, alleging that they "unduly influenced the jury against the defendant, coerced the jury and caused them to hasten their deliberation and to not give defendant's case that due and careful consideration to which he was entitled;" that because of them the verdict "was not freely and voluntarily made;" that "the jury felt that they were not left free to deliberate and reach a verdict in their own way;" that "the defendant was deprived of a fair and impartial trial;" that by reason of these words the jury were "authorized to and did infer that the court was of the opinion that a verdict of guilty should be found." This court can not agree with counsel for plaintiff in error in the foregoing conclusions, or that what the judge said could have in any way influenced the jury in reaching the verdict rendered. There is no merit in this ground of the motion.

Moreover, "Prejudicial remarks of the judge in the presence and hearing of the jury on the trial of a criminal case are not cause for a new trial when there was no motion for a mistrial on account of them." *Davis* v. *State,* 40 *Ga. App.* 123 (4) (149 S. E. 51), and cit.

2. That the evidence is sufficient to authorize the conviction of the accused is practically conceded by counsel for plaintiff in error, as the general grounds of the motion for a new trial are not argued in their brief, nor is there a general insistence upon all the grounds of the motion.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*