## BRANNON, *alias* HARDWALK, *v.* THE STATE.

### No. 13201. MAY 14, 1940.

*W. T. Maddox* and *M. G. Hicks,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, J. Ralph Rosser, solicitor-general, Alec Harris, Duke Davis* and *C. E. Gregory Jr.; assistant attorneys-general,* contra.

REID, Chief Justice. His extraordinary motion for new trial, based on newly discovered evidence, having been overruled, R. L. Brannon, alias Hardwalk, excepted. This court has previously affirmed his conviction of murder. *Brannon* v. *State,* 188 *Ga.* 15 (2 S. E. 2d, 654). The extraordinary motion is not challenged as to form or as to any requirements of the Code. It is contested on the merits. The proposed new evidence was that which it was contended would come from Solomon Fleetwood. For a full statement of the facts as developed at the former trial reference may be had to the above citation of the reported case. Fleetwood's affidavit annexed to the. extraordinary motion stated that he would testify that on the afternoon before the killing, which occurred about eight or nine o'clock at night, the witness was serving a jail sentence along with the defendant in the city stockade, and that before

their release from the stockade, which occurred about four o'clock, the wife of the defendant, who was later killed by him, came to the prison and stated that she did not want Brannon to come home —that she had her another "friend man," who was waiting at home for her; that later, after their release from the stockade, and after having gone by defendant's home where he saw the other man in the house with the defendant's wife, and having left at a still later time the same evening, witness saw the defendant going away from the house, and his wife pulling at his shirt which she tore, and that she had "her hand raised in a position as to strike him," although witness did not know that she had anything in her hand at the time. The judge at the hearing of the motion considered not only the formal affidavits, but also heard oral testimony from the proposed witness and from witnesses in behalf of the State on a counter-showing. The State sought to discredit Fleetwood's claims, by an effort to show through the police records and certain witnesses that Fleetwood was not at the stockade with the defendant as claimed by him, although considerable evidence was given as to the number of times he had been confined in the city stockade or city jail. This witness was also cross-examined as to certain threats he claimed he had heard the defendant make with regard to killing his wife. After this hearing the judge entered an order overruling the motion.

■ In *Brown* v. *State,* 141 *Ga.* 783, 786 (82 S. E. 238), is found a very full discussion by Lumpkin, J., speaking for the court, on the question of newly discovered evidence as the basis for extraordinary motions for new trial. Several controlling principles with reference to such situations are there stated, and the authorities dealing with them are there reviewed and discussed. They are, as there pointed out, well established in our law, and need no further elaboration than there given. One of those well-established rules as there stated in headnote 1 is as follows: "After one accused of crime has been convicted, and has made a motion for a new trial, and the judgment denying it has been affirmed by this court, when an extraordinary motion for a new trial is made, based on the ground of newly discovered evidence, it should be made to appear that such evidence is so material that it would probably produce a different verdict." Further application of the principle is well expressed in division (a) of this headnote, as follows: "An extraor-

dinary motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge, and a refusal to grant it will not be reversed unless such discretion is abused." Of particular force is the quotation from the opinion of Judge Bleckley in *Young* v. *State,* 56 *Ga.* 403, as follows: "And unless it is reasonably apparent to the judicial mind that the new facts would probably produce a different verdict, a new trial should not be ordered." See *Burge* v. *State,* 133 *Ga.* 431 (66 S. E. 243). This principle was stated to apply where newly discovered evidence was made the basis of a regular motion for new trial; and, as pointed out in *Brown* v. *State,* supra, "The rules announced apply with even greater force where one accused of crime has been regularly tried and convicted, and has made a motion for a new trial and failed to obtain it, and where the judgment has been affirmed by this court." It will thus be seen that it is not all new evidence, even favorable to the defendant, that will require the grant of a new trial on extraordinary motion. In *Harris* v. *Roan,* 119 *Ga.* 379 (46 S. E. 433), the character of newly discovered evidence that would ordinarily support such an extraordinary motion was described as follows: "The extraordinary motions or cases contemplated by the statute are such as do not ordinarily occur in the transaction of human affairs; as, when a man has been convicted of murder, and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character." Authorities applying this principle are found throughout the decisions of the courts of this State up to the present time. They are too well established by the foregoing authorities to need more elaborate citation. Equally well established, and as stemming from the same elemental principle, is the proposition that such motions are not favored. *Hays* v. *Westbrook,* 96 *Ga.* 219 (22 S. E. 893); *Colwell* v. *State,* 46 *Ga. App.* 55 (166 S. E. 445); *Davis* v. *State,* 41 *Ga. App.* 366 (153 S. E. 203). And also the principle that where the newly discovered evidence "is largely impeaching and cumulative in character," the discretion of the trial judge in overruling such a motion will not be disturbed. *Thomas* v. *State,* 19 *Ga. App.* 242 (91 S. E. 287); *Darby* v. *State.* 24 *Ga. App.* 269 (100 S. E. 656); *Rogers* v. *State,* 129 *Ga.* 589 (59 S. E. 288).

Taking into account the evidence on the former trial in connection with what is now proposed to be offered as evidence, we are of the opinion that, as stated in *Taylor* v. *State*, 60 *Ga. App.* 594 (4 S. E. 2d, 484), "we should affirm the judgment denying a new trial, because the verdict was amply authorized by the evidence, and also because we are not convinced that the newly discovered evidence, even if it is not cumulative, would probably produce a different result if the defendant were tried again. In other words, there is nothing in the record that makes it so clear and certain as not to admit of dispute that the judge erred in overruling the motion on this ground, or, to put it differently, the record does not disclose that the judge abused his discretion in so doing." See *Miller* v. *State*, 119 *Ga.* 561 (46 S. E. 838). At best the newly discovered evidence would furnish only another version of the killing, which is still itself not disputed. It is to be doubted, under the record as developed in the testimony before the trial judge, whether the newly discovered evidence would have made an issue such as to require a charge on voluntary manslaughter. See rulings in 188 *Ga.* 15, 18 (supra). Thus we conclude there was no error.

*Judgment affirmed. All the Justices concur.*