## 30485. NORTH *v.* THE STATE.

DECIDED APRIL 22, 1944.

*J. L. Smith,* for plaintiff in error.

*L. L. Meadors, solicitor-general,* contra.

GARDNER, J. Marvin North was convicted in Carroll superior court of voluntary manslaughter. His motion for new trial, based on newly discovered evidence, was overruled, and the case was brought to this court for review. The judgment of the lower court was affirmed. *North* v. *State,* 69 *Ga. App.* 836 (26 S. E. 2d, 892). He then filed an extraordinary motion for new trial on the ground of further newly discovered evidence, consisting of affidavits by C. H. Holloway and John Pleas, and made the original brief of evidence and the newly discovered evidence in the first motion for new trial a part of the extraordinary motion. The substance of the new affidavits is that a knife belonging to the deceased was found at the scene of the crime. The State's counter-affidavits showed that Holloway and Pleas were not at the scene of the crime, and could not have testified truthfully as to the subject-matter of their affidavits.

The trial judge resolved the issue of fact against the defendant. This court has many times held that it is within the province of the trial judge to determine the truth on such issues, and that his decision is binding unless there is a manifest abuse of discretion. In *Thompson* v. *State,* 51 *Ga. App.* 5 (2) (179 S. E. 200), it was

held: "It is well settled that the granting of a new trial upon the ground of newly discovered evidence is not favored by the courts (*McDuffie* v. *State,* 2 *Ga. App.* 401, 58 S. E. 544); and where such evidence presented is in the main cumulative and impeaching (*Walker* v. *State,* 126 *Ga.* 588, 55 S. E. 483; *Lawhorn* v. *State,* 155 *Ga.* 373, 116 S. E. 822; *Drane* v. *State,* 130 *Ga.* 349, 60 S. E. 863; *Brantley* v. *State,* 16 *Ga. App.* 6, 84 S. E. 131), and such evidence does not render clear and positive that which was before equivocal and uncertain (*Dougherty* v. *State,* 7 *Ga. App.* 91, 66 S. E. 276), and would not probably cause the rendition of a different verdict on a new trial (*Paden* v. *State,* 17 *Ga. App.* 112, 86 S. E. 287), this court will not interfere with the judgment of the trial judge refusing a new trial. Especially is this true where the affidavits for a new trial are met by a counter-showing by the State. *Wright* v. *State,* 18 *Ga. App.* 705 (90 S. E. 285)." See, in this connection, *Brand* v. *Lawrenceville,* 64 *Ga. App.* 357, 359 (13 S. E. 2d, 214), and cases there cited. We do not deem it necessary to cite the many other cases to the same effect.

The court did not err in overruling the extraordinary motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*