31666. GILPIN *v.* SWAINSBORO ICE & FUEL COMPANY INC.

DECIDED SEPTEMBER 3, 1947.

576

H. *Alonzo Woods,* for plaintiff in error.  I. *W. Rountree,* contra.

SUTTON, C. J.  (After stating the foregoing facts.)  Extraordinary motions for new trials, based upon the ground of newly discovered evidence, are viewed by the courts of this State with even less favor than original motions for new trials based on such ground, and a stricter rule has been applied to such motions. *United States* v. *Hatcher,* 185 *Ga.* 816, 826 (196 S. E. 773); *Farmers Union Warehouse of Metter* v. *Boyd,* 31 *Ga. App.* 104 (119 S. E. 542); *Norman* v. *Goode,* 121 *Ga.* 449 (49 S. E. 268); *Jackson* v. *Williams,* 149 *Ga.* 505 (2) (101 S. E. 116).  An extraordinary motion for a new trial is addressed to the sound discretion of the trial judge, and "the discretion of the trial judge in overruling an extraordinary motion for a new trial will not, unless manifestly abused, be interferred with by this court." *Towler* v. *State,* 24 *Ga. App.* 362 (100 S. E. 787).  Also see *Henderson* v. *Maddox,* 40 *Ga. App.* 91 (149 S. E. 59); *Odum* v. *State,* 24 *Ga. App.* 271 (c) (100 S. E. 655); *McCoy* v. *State,* 193 *Ga.* 413 (2) (18 S. E. 2d, 684); *Brown* v. *State,* 141 *Ga.* 783 (1) (82 S. E. 238); *Young* v. *State,* 56 *Ga.* 403, 405.  It was held in *Farmers Union Warehouse of Metter* v. *Boyd,* supra: "Where a motion for a new trial, made at the term of the court at which the verdict complained of was rendered, was overruled, and the decision was affirmed by this court, to authorize a second motion the extraordinary state of facts relied upon in support of the motion must have been unknown to the movant and his counsel at the time of the first motion, and impossible to have been ascertained by the exercise of proper diligence for that purpose."  In this connection, also see Code, § 70-303; *Malone* v. *Hopkins,* 49 *Ga.* 221 (1).  In the present case, it appears that the suit was defended by Alfred Herrington, as attorney at law for the defendant.  This attorney prepared the defendant's answer to the action, prepared

the motion for a new trial, and signed the bill of exceptions bringing the case to this court. The extraordinary motion for a new trial is signed by H. Alonzo Woods, as attorney for the defendant. While there is an affidavit of H. Alonzo Woods in the record to the effect that he did not know of the newly discovered evidence, and that it recently came to his attention after having been discovered by the defendant, there is no affidavit in the record that the defendant's counsel who prepared the first motion for a new trial did not know of the evidence at the time of the trial and at the time of the preparation of the original motion for a new trial.

Under the record as here presented, we can not say that there was such a manifest abuse of discretion on the part of the trial judge as would authorize this court to set aside his judgment overruling the extraordinary motion for a new trial, and therefore the judgment must be affirmed.

*Judgment affirmed. Felton and Parker, JJ., concur.*