32754. WILLIAMS *v*. THE STATE.

DECIDED DECEMBER 5, 1949. REHEARING DENIED DECEMBER 15, 1949.

640

L. P. *Strickland, Odom & Odom,* for plaintiff in error.

B. L. *Hilton, Solicitor,* contra.

TOWNSEND, J. (After stating the foregoing facts). " 'Ordinary motions for new trial on the ground of newly discovered evidence are not favored, and extraordinary motions upon this ground are less favored.' *Perry* v. *State,* 117 *Ga.* 719 (45 S. E. 77)." *Lee* v. *State,* 64 *Ga. App.* 290 (13 S. E. 2d, 79). "Unless it is reasonably apparent to the judicial mind that the new facts would probably produce a different verdict, a new trial should not be ordered." *Young* v. *State,* 56 *Ga.* 403, 406. "Where the newly discovered evidence is largely impeaching and cumulative in character, the discretion of the trial judge in overruling such a motion will not be disturbed. *Thomas* v. *State,* 19 *Ga. App.* 242 (91 S. E. 287); *Darby* v. *State,* 24 *Ga. App.* 269 (100 S. E. 656); *Rogers* v. *State,* 129 *Ga.* 589 (59 S. E. 288)." *Brannon* v. *State,* 190 *Ga.* 203, 205 (9 S. E. 2d, 152).

The evidence of the plat cannot be considered newly discovered, and is at most cumulative, as reinforcing the statement made by the defendant at the trial. The affidavits relating to the lack of a kitchen sink merely tend to impeach the State's witness by circumstantial evidence. Even if it were possible to hold that such evidence is "newly discovered," which seems unlikely, it would still fall under the rule stated in *Taylor* v. *State,* 31 *Ga. App.* 193 (120 S. E. 29): "The only effect of so much of the newly discovered evidence as could be treated as such would be to impeach the witnesses for the State, and it is settled law in this State that, even 'though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness, a new trial will not be granted.' *Key* v. *State,* 21 *Ga. App.* 795 (95 S. E. 269)." See also *Morrow* v. *State,* 36 *Ga. App.* 217 (136 S. E. 92); *Wheeler* v. *State,* 149 *Ga.* 473 (100 S. E. 568); *Smith* v. *State,* 41 *Ga. App.* 373 (153 S. E. 99).

The trial court did not abuse its discretion in overruling the defendant's extraordinary motion for a new trial.

*Judgment affirmed.* *MacIntyre, P. J., and Gardner, J., concur.*