## ROGERS v. THE STATE.

BECK, J.  1. The accused having been convicted of the crime with which he was charged and his motion for a new trial having been overruled, and the judgment overruling the motion having been affirmed by this court, it was not error for the court below to overrule an extraordinary motion for new trial, inasmuch as it does not appear that such an

extraordinary state of facts was shown by the affidavits submitted upon the hearing of the extraordinary motion as would probably produce a different result if a new trial should be granted; nor does it appear that so much of the newly-discovered evidence as existed at the time of the first motion could not have been ascertained by the defendant or his counsel in the exercise of proper diligence at or before the time of the first motion.

2. Newly-discovered evidence which is merely cumulative or impeaching in its character will not constitute a good ground of a motion for a new trial.

3. Admissions made by a material witness for the State, subsequently to the trial of one accused of crime, that his testimony given at the trial was false, will not be cause for setting aside the verdict and granting a new trial. *Clark* v. *State*, 117 *Ga.* 254.

4. Whether an extraordinary motion, based upon the ground of newly-discovered testimony, should be granted or refused, rests largely in the sound discretion of the court.

*Judgment affirmed. All the Justices concur.*

Argued October 25,—Decided November 16, 1907.

Indictment for murder. Before Judge Seabrook. Chatham superior court. July 13, 1907.

*Twiggs, Oliver, Gazan & Oliver, T. L. Hill, C. E. Donnelly,* and *Gordon Saussy,* for plaintiff in error.

*John C. Hart, attorney-general, W. W. Osborne, solicitor-general,* and *P. W. Meldrim,* contra.