### 4157. MOORE v. THE STATE.

HILL, C. J. 1. The first ground of the amendment to the motion for a new trial is not verified by the presiding judge, and therefore, under repeated rulings of the Supreme Court and of this court, it can not be considered.

2. The instruction excepted to in the second ground of the amendment to the motion for a new trial is not an accurate statement of the law. On the trial of an indictment for assault with intent to murder, the use of a deadly weapon does not of itself raise a presumption of the existence of malice and of the specific intent to kill. *Gaskin* v. *State,* ante, 11 (74 S. E. 554).

3. The alleged newly discovered evidence is not merely cumulative or impeaching in character, and, if believed by the jury, would probably

produce a different verdict. Therefore, the trial court should have granted another trial on this ground.          *Judgment reversed.*
DECIDED JUNE 5, 1912.

Indictment for assault with intent to murder; from Chatham superior court—Judge Charlton. March 21, 1912.

The indictment charged that the assault was committed upon W. B. Attaway, by striking him with a lamp. He testified, that he became unconscious in a beer saloon, after drinking several glasses of beer, and when he regained consciousness he was in a different place, sitting in a room at a table with the defendant, who was demanding money of him, "or something like that," and on his refusal to give the money, the defendant struck him on the side of the head with a lamp, and he became unconscious. There was evidence that the defendant had taken him from the barroom to the room in which he was struck. The defendant, in his statement to the jury, said that he found Attaway lying on the floor of the saloon, and was requested to get a room and bed for him; that he took Attaway to a bedroom, told him the price of the room, and told him to go to bed and "pay Mrs. Waters the rent;" that Attaway said, "I will not give you anything," and struck at him; that he tried to quiet Attaway, but Attaway cursed him and threatened to "fix" him, at the same time reaching into a pocket and advancing upon him, holding "something shining,"—he "did not know whether it was a pistol or a knife, or what it was;" that he was frightened, and, while Attaway was advancing, took the lamp from the table and struck Attaway. The alleged newly discovered evidence was that of two persons who made affidavits to the effect that Attaway stated in their presence that he was taken from the saloon to a room by persons who insisted that he go to bed, and told him that if he did not do so he must leave the room, and that he refused to do so and "put his hand in his pocket and commenced to draw his knife, when he was struck with a lamp by some one," he did not know by whom. There were affidavits as to the good character of these witnesses, and as to the diligence of the defendant and his counsel in procuring testimony, and their ignorance of the existence of this evidence before the trial.

*Twiggs & Gazan,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general,* contra.