### 4217. FEHN *v.* THE STATE.

HILL, C. J. The alleged newly discovered evidence not being merely cumulative or impeaching in its nature, and being of such character as on a second trial would likely produce a different result, the trial court erred in overruling the motion for a new trial.    *Judgment reversed.*
DECIDED JULY 10, 1912.

Accusation of sale of liquor; from Walker superior court—Judge Maddox. April 17, 1912.

Martin Fehn was convicted under an indictment charging him with having sold intoxicating liquor in Walker county on July 8, 1910. At the trial John Copeland testified, that "he was employed to go to the park or post and catch up with Martin Fehn or any other person for illegally selling whisky; he went up there and got a suit of soldier's clothes, and on the 8th day of July, 1910, right opposite where the gate is coming out from the reservation, and on the west side of the car line, at Martin Fehn's place of business, bought two pints of whisky from the defendant, Martin Fehn, and paid 75 cents therefor." It was testified, that "all the lands on the west side of the said car line, where Martin Fehn's place of business is located, were in Walker county, Georgia; . . Fehn's place was opposite where the gate is coming out of the reservation." The defendant's statement to the jury was, that "he did not know Copeland, and never saw him before, and sold Copeland no whisky at any time; he kept none and had sold none." In addition to the general grounds, the motion for a new trial was based on alleged newly discovered evidence, as contained in affidavits of several persons, as follows: "He [the affiant] knows Martin Fehn and knew him in 1910, and knows that said Martin Fehn had no place of business or business of any sort at Park City or in that section, or in Walker county, so far as deponent knows, on July 8, 1910; nor did said Fehn have any business there until

July 12, 1910, or 14th." There were affidavits as to the good character of these witnesses, and as to the ignorance of the movant and his counsel of the existence of such evidence until after the trial, etc.

*J. E. Rosser, W. M. Henry,* for plaintiff in error.
*John W. Bale, solicitor-general,* contra.