### 4345.  DEASON v. THE STATE.

HILL, C. J.  The evidence on the trial was close, and the alleged newly discovered testimony, which was not simply impeaching or cumulative, would probably have resulted in a different verdict.  For this reason, the refusal of the lower court to grant a new trial on the ground of newly discovered evidence was erroneous.          *Judgment reversed.*

DECIDED OCTOBER 22, 1912.

Accusation of sale of liquor; from city court of Reidsville—Judge Collins. May 21, 1912.

Wallace Perkins testified that Oscar Deason (the accused) sold a quart of "two-X rye liquor" to him at Deason's house in Claxton on Sunday evening, December 10, 1911, about three or four o'clock, and that Joe Norman was with him at that time. The alleged newly discovered testimony was in two affidavits, in one of which the affiant stated that he was the Joe Norman referred to, and that he was not with Parsons, did not see Deason, and was not in Claxton on that Sunday, and never knew of a sale of liquor by Deason. The other new witness testified that Oscar Deason was with him every minute from two o'clock in the afternoon until after church services at night on the Sunday in question, and at Sunday-school from three to four o'clock, and not at Deason's home during any part of that time. There were affidavits as to the good character of these new witnesses, and as to the diligence of the accused and his counsel in procuring testimony. The accused, in his affidavit, stated that he went to trial prepared to meet the charge of selling liquor on a different date from that given by the State's witness, Perkins, the date alleged in the accusation being December 12, and it being attempted to connect him with a liquor transaction on December 12 in Collins, as to which some of the witnesses testified.

*H. H. Elders,* for plaintiff in error.
*Robert E. DeLoach, solicitor,* contra.