### FRASIER *v.* THE STATE.

ATKINSON, J. 1. The competency of a witness to testify must be decided by the court. Civil Code, § 5856.

2. Children who do not understand the nature of an oath are incompetent witnesses. Civil Code, § 5862.

3. The court must, by examination, decide upon the capacity of one offered as a witness, and objected to as incompetent on account of childhood, so far as to determine whether the witness shall be allowed to testify. His determination of this preliminary question will not be reversed, unless plainly erroneous. Civil Code, §§ 5865, 5866; *Young* v. *State*, 125 *Ga.* 584 (54 S. E. 82); *Richardson* v. *State*, 141 *Ga.* 782 (82 S. E. 134).

4. Where a female child eight years of age was offered as a witness for the State in a criminal case, and objection was raised on the ground that she was incompetent to testify; if after a preliminary examination by the court she was properly allowed to testify, it was not error injurious to the defendant and furnishing cause for a new trial on his behalf that the court remarked: "I think she is prima facie competent. I will let the testimony go to the jury." When the court allowed the witness to testify, this was a ruling as to her competency to do so, and the expression that he thought her "prima facie competent" did not alter the fact that she was held competent.

5. Although after a preliminary examination the court may hold a child competent to testify, the credibility of the witness is for the jury; and in determining whether or not they will credit the testimony of such witness, the age of the witness and his understanding or lack of understanding as to the nature of an oath, as developed on the examination before them, are matters for the consideration of the jury. *Young* v. *State*, 122 *Ga.* 725 (50 S. E. 996).

(a) One of the grounds of the motion for new trial complains of the following charge to the jury: "The testimony of the child has come before you. The court thought prima facie the child capable of understanding an oath, capable of giving testimony; but it is for the jury however, and I submit that question to you, whether this child understood the nature and character of an oath, understood what it meant, understood what she was testifying to. If you believe she did not know or is incompetent as a witness because of her youthfulness, you would leave her testimony out of the case entirely. If you believe she was capable of understanding the nature and character of an oath, understanding what she was talking about, you can consider her testimony and give it such weight as you think it is entitled to, considering her age at the time." *Held*, that while this charge was not entirely accurate, it was not (under the circumstances) error harmful to the accused, so as to require a new trial on his motion.

6. The ground of the motion for new trial based on alleged newly discovered evidence fails to show proper diligence in the matter of discovering such evidence, or that if it were admitted on another trial it would likely produce a different result.

7. The evidence was sufficient to support the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

APRIL 14, 1915.

Indictment for rape. Before Judge Hill. Fulton superior court. January 9, 1915.

*Sims & Von Nunes* and *Thomas B. Brown,* for plaintiff in error.

*Warren Grice, attorney-general, Hugh M. Dorsey, solicitor-general,* and *A. L. Henson,* contra.

