## 8533.  CARSON *v.* THE STATE.

1. The newly discovered evidence in this case is material and not altogether cumulative and impeaching; it does not appear that by the exercise of reasonable diligence it could have been discovered and obtained by the defendant at the time of trial; and if credited by the jury, it would be likely to produce a different verdict on another trial.
2. The court erred in overruling the motion for a new trial.

DECIDED MAY 11, 1917.

Indictment for throwing a missile into a passenger-car of a railroad; from Fulton superior court—Judge Hill. January 27, 1917.

*John S. McClelland,* for plaintiff in error.

*John A. Boykin, solicitor-general,* contra.

LUKE, J.  Carson was convicted of throwing a missile into a passenger-car of the Georgia Railway and Power Company. (Penal Code of 1910, § 512.)  The testimony of the conductor, Ingram, identified Carson as being the person who threw the missile into the car.  The testimony of the dispatcher of the company, York, identified Carson as the man pointed out by Ingram.  The defendant undertook to prove an alibi by circumstantial evidence and by the positive evidence of his sister, and by his own statement that he was not present at the time.  He was convicted, his motion for a new trial was overruled, and he excepted.  One of the grounds of the motion was based on newly discovered evidence. The newly discovered witnesses were Fred Coleman, T. H. Buckalew, A. J. Elliott, J. V. Chastain, and Dr. T. M. McCluskey.  The affidavit of Fred Coleman states that he is the person who threw the missile into the car, and that he is the person that the dispatcher talked to, and is the person pointed out by Ingram, the conductor in charge of the car; that the defendant, Carson, was not present and did not throw the missile at the car.  Buckalew, Elliott, Chastain, and McCluskey, in their affidavits, say that at the time of the alleged crime they saw Coleman running away from the scene, and that they did not see Carson there.  The witnesses were strongly vouched for, and it does not appear that the defendant, in the exercise of reasonable diligence, could have discovered the witnesses before the trial.  At the trial the only positive evidence in behalf of the defendant was that of his sister and his own statement.  The newly discovered evidence is material, and probably would produce a different verdict on another trial.  The

statement of Coleman and the other witnesses may be classed as cumulative of the defense of alibi, but is not cumulative as to the identity of the person who actually threw the missile into the car. The ends of justice require that a new trial be granted. The court erred in overruling the motion for a new trial. *Nolan* v. *State,* 14 *Ga. App.* 824 (82 S. E. 327), and citations.

> *Judgment reversed.  Wade, C. J., and George, J., concur.*