### 10915.   TOWLER *v.* THE STATE.

The discretion of the trial judge in overruling an extraordinary motion for a new trial will not, unless manifestly abused, be interfered with by this court. No such abuse of discretion appears in this case.

DECIDED NOVEMBER 4, 1919.

Conviction of assault with intent to rape; from Gwinnett superior court—Judge Cobb. September 5, 1919.

*Kelley & Kelley, O. A. Nix, W. L. Nix, John R. Cooper,* for plaintiff in error.

*W. O. Dean, solicitor-general, N. L. Hutchins,* contra.

LUKE, J.   All extraordinary motions for new trial are addressed to the sound discretion of the trial judge, and this court can not reverse a judgment of a trial judge in overruling such a motion, unless his discretion has been manifestly abused. We cannot say, in view of the precedents of the Supreme Court by which we are bound, that the trial judge, in hearing the showing and counter-showing upon the extraordinary motion, has manifestly abused the discretion with which by law he is charged. See, in this connection, *Brown* v. *State,* 141 *Ga.* 783 (82 S. E. 238), and cases cited. The case as originally made was weak, but there was some evidence to authorize the verdict. Necessarily this court must depend upon the trial courts, who have the parties and witnesses before them, to unreservedly approve or disapprove verdicts had in the trial court. The exercise of a discretion by a trial judge where the liberty of a human being is involved is a solemn duty, and where so exercised it must appear that such discretion has been manifestly abused before this court can set a judgment aside, which is the result of a conclusion reached in the exercise of such discretion.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*