## 10558. Todd v. Jackson.

Smith, J. 1. The newly discovered evidence offered in support of the motion for a new trial being of such a character as probably would, if credited by the jury, produce a different result upon another investigation, the trial judge erred in overruling the motion. Although newly discovered evidence may be somewhat cumulative of testimony previously introduced, and impeaching in its character, the real ultimate criterion is the probability of a different result. *Mitchell* v. *State*, 6 *Ga. App.* 554 (4), 558 (65 S. E. 326); *Nolan* v. *State*, 14 *Ga. App.* 824 (82 S. E. 377), and cit.; *Paden* v. *State*, 17 *Ga. App.* 112 (86 S. E. 287).

2. The court erred in giving to the jury the following charge complained

of in the defendant's motion for a new trial: "Evidence has been submitted showing you the value of cotton at the time or times that it was sold by the defendant in this case. You look to the evidence and see what [was] the value of cotton at the time it was *sold*, and if you find for the plaintiff he would be entitled to recover whatever you find his interest in the cotton was worth, based upon the price it was worth at the time it was sold." If the cropper was entitled to recover at all, the measure of damages would be the market value of his share of the crop at the time of the breach of the contract or at the time of the demand made by him upon the landlord for a settlement.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 28, 1919.

Foreclosure of lien; from city court of Newnan—Judge Post. April 7, 1919.

Jackson, a cropper of Todd, foreclosed a laborer's lien for a sum which he contended was due for his share of the crop made by him on the defendant's land. The defendant filed a counter-affidavit, denying indebtedness, and on the trial of the issue the verdict was in favor of the plaintiff. The instruction quoted in paragraph 2 of the foregoing decision relates to cotton which the plaintiff contended was a part of his share of the crop.

*A. H. Freeman, W. G. Post,* for plaintiff in error.

*W. L. Stallings,* contra.