13571. Atkins v. The State.

Luke, J. 1. "Under the provisions of the act of the General Assembly of Georgia, raising the 'age of consent' of female children to fourteen years (Ga. L. 1918, p. 259), the offense of an assault with intent to rape, when committed upon a female child over ten years old and under fourteen years of age, is not a reducible felony; that is, one convicted of such offense cannot, upon recommendation of the jury, be punished as for a misdemeanor." *Atkins* v. *State,* 154 *Ga.* 540 (114 S. E. 878); *Wade* v. *State,* 27 *Ga. App.* 650.

2. "In a case where a defendant is convicted of an assault with intent to rape, it is not essential that the testimony of the female in question be corroborated. *Rivers* v. *State,* 8 *Ga. App.* 703 (2) (70 S. E. 50), and citation. This rule was not changed by the act of the General Assembly approved July 31, 1918 (Ga. L. 1918, p. 259). That act provides that no conviction shall be had for *rape* on the unsupported testimony of the female in question, but there is no such provision as to an assault with intent to rape." *Wade* v. *State,* supra.

3. The verdict was authorized by the evidence and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

Decided December 12, 1922.

Indictment for rape — conviction of assault with intent to rape; from Emanuel superior court — Judge Hardeman.    March 28, 1922.

*I. W. Rountree, Guy Alford,* for plaintiff in error.

*Walter F. Grey, solicitor-general,* contra.