### 24366. HARPER v. THE STATE.

BROYLES, C. J. 1. It does not appear that the alleged newly discovered evidence offered in support of the motion for a new trial could have been obtained by the defendant at the trial by the exercise of due diligence; and although the evidence was impeaching in its character, it, if credited by the jury, would be likely to produce a different verdict on another trial; and "the real ultimate criterion by which the merit of such testimony should be measured is the probability of a different result;" and when that probability appears, "the ends of justice require that a new trial be granted." *Nolan* v. *State*, 14 *Ga. App.* 824 (82 S. E. 377); *Paden* v. *State*, 17 *Ga. App.* 112 (86 S. E. 287); *Carson* v. *State*, 20 *Ga. App.* 82 (92 S. E. 549); *Todd* v. *Jackson*, 24 *Ga. App.* 519 (101 S. E. 192); *Spaulding* v. *State*, 25 *Ga. App.* 194 (102 S. E. 907).

2. When the foregoing ruling is applied to the facts of the instant case, "the ends of justice require that a new trial be granted." In this connection, the able and conscientious associate State counsel, who resides in the county where the defendant was tried and who assisted in his prosecution, states in his brief that he would like to see a new trial granted the defendant as "this will insure equal justice to all."

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED DECEMBER 18, 1934.

*Ira Carlisle, C. Baxter Jones,* for plaintiff in error.
*Robert B. Short, solicitor-general, W. H. Duckworth,* contra.