31852. KRYDER *v.* THE STATE.

DECIDED FEBRUARY 3, 1948. REHEARING DENIED FEBRUARY 21, 1948.

*Walter D. Sanders, James R. Venable,* for plaintiff in error.

*L. M. Wyatt, Solicitor-General,* contra.

GARDNER, J. We have given the gist of the evidence on the trial and that of the affidavit of Vel Sewell briefly, but we think fully. The grant of an extraordinary motion for a new trial on newly discovered evidence is discretionary with the trial court, and its judgment will not be disturbed in the absence of an abuse of this discretion. *Rogers v. State,* 129 *Ga.* 589 (4) (59 S. E. 288); *Brown v. State,* 141 *Ga.* 783 (82 S. E. 238); *Towler v. State,* 24 *Ga. App.* 362 (100 S. E. 787). The statute contemplates that in an extraordinary motion the applicant must show that the facts on which it is based are those which do not ordinarily occur in human affairs. *Cox v. Hillyer,* 65 *Ga.* 57 (2); *Harris v. Roan,* 119 *Ga.* 379 (2) (46 S. E. 433); *Wheeler v. State,* 149 *Ga.* 473 (2) (100 S. E. 568); *King v. State,* 174 *Ga.* 432 (1) (163 S. E. 168); *Colwell v. State,* 46 *Ga. App.* 55 (166 S. E. 445). Motions for new trials on extraordinary grounds are not favored. *Coggeshall v. Parks,* 162 *Ga.* 78 (132 S. E. 632); *Colwell v. State,* supra. A stricter rule is applied to extraordinary motions on grounds of newly discovered evidence than to ordinary motions on those grounds. *Jackson v. Williams,* 149 *Ga.* 505 (2) (101 S. E. 116); *Davis v. State,* 41 *Ga. App.* 366 (1) (153 S. E. 203). It is contemplated in extraordinary motions for a new trial on grounds of newly discovered evidence that full diligence be shown to procure the evidence before the trial. Again, this court in *McDaniel v. State,* 74 *Ga. App.* 5 (38 S. E. 2d, 697), said: "The real ultimate criterion by which the merit of such testimony [newly discovered evidence] should be measured is the probability of a different result; and when that probability appears, the ends of justice require that a new trial be granted." There are many other decisions sustaining the principle herein referred

to, but we deem it unnecessary to call attention to any others of them. We might add, however, as to the last proposition that the court did not abuse its discretion in overruling the motion, on the ground that, even conceding that Vel Sewell had testified in the first trial or should be permitted to testify in another trial, there is a probability of a different result or a different verdict. Sewell in his affidavit states that he did not know what the defendant did after Sewell left him. He does not even state that the defendant received the gash on his head when Bill hit him. We think that the jury had a right to conclude, and would still have the right to conclude, that the defendant received the gash on his head as he jumped from the cars or as he ran between them or in his flight from the dogs in the swamp.

The court did not err in overruling the extraordinary motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*