1. Whether an extraordinary motion for new trial should be granted or refused rests largely in the discretion of the trial court, and a judgment refusing the same will not be reversed in the absence of abuse of discretion. See Rogers
v. State, 129 Ga. 589 (4) (59 S.E. 288); Brown v. State, 141 Ga. 783 (1) (82 S.E. 238); Towler v. State, 24 Ga. App. 362 (100 S.E. 787).
2. Motions for new trial on extraordinary grounds are not favored. See Hays v. Westbrook, 96 Ga. 219 (22 S.E. 893); Reese v. State, 18 Ga. App. 289 (89 S.E. 303); Minyard v. State, 18 Ga. App. 312 *Page 533 
(89 S.E. 379); Davis v. State, 41 Ga. App. 366 (1) (153 S.E. 203); Colwell v. State, 46 Ga. App. 55 (166 S.E. 445).
3. A more strict rule is applied to extraordinary motions on newly discovered evidence than to ordinary motions on the same ground. See Norman v. Goode, 121 Ga. 449 (49 S.E. 268); Teasley v. Pittman, 40 Ga. App. 22 (148 S.E. 600).
4. Refusal of an extraordinary motion for a new trial based on newly discovered evidence is not error where the same is merely cumulative of evidence on the same issues produced on the trial, as in the instant case. See Puryear v. State, 66 Ga. 753; Moss v. State, 44 Ga. App. 244
(161 S.E. 293); Jackson v. State, 50 Ga. App. 243 (177 S.E. 819).
Judgment affirmed. MacIntyre, P. J., and Parker, J., concur. Gardner, J., disqualified.
 DECIDED JULY 16, 1948. REHEARING DENIED JULY 26, 1948.
A. T. Taylor was indicted at the November term, 1945, of the Superior Court of Clayton County, for using obscene language to and in the presence of a female. He was tried and convicted on May 22, 1946. He filed a motion for new trial which was overruled. He excepted to this judgment and the same was affirmed by this court. See Taylor v. State, 75 Ga. App. 205 (42 S.E.2d 926). At the November term, 1947, of said court he presented an extraordinary motion for new trial to the Hon. Frank Guess, Judge of the Superior Court of Clayton County, based on newly discovered evidence. On the trial the prosecutrix, testified in substance that someone had been calling her and making obscene and indecent proposals; that on Sunday morning, September 9, 1945, at about 11 o'clock she received another of such calls and, in an effort to entrap the person who had been making these calls, agreed to meet him at Forest Park, in front of the drug store, at 3 o'clock that afternoon; that she and the sheriff, who was lying down in the back of her car and partially concealed, proceeded to this point and waited; that the defendant came up and talked with her; that later he was arrested and she talked with him over the telephone; and that she recognized and identified his voice as the one calling her that morning.
Appended to and made a part of the extraordinary motion for new trial are affidavits substantially as follows: that of the plaintiff in error and his counsel representing him in connection with his extraordinary motion for new trial to the effect that the evidence set out therein was unknown to each of them before the *Page 534 
trial, that the same could not have been discovered by the exercise of ordinary diligence and that affiants made most diligent efforts before the trial of the case to discover all of said evidence; affidavits of E. P. Smith, Mrs. E. P. Smith, Mrs. D. M. Mitchell, Rev. John O. Thomas, Mrs. John O. Thomas and Mrs. T. H. Jaynes, to the effect that on the day and hour that the defendant was charged with having telephoned the prosecutrix and used obscene language to her, he was at the home of Rev. John O. Thomas; that said home has no telephone in it; that no telephone is located nearer than 1/4 of a mile to it; and that the defendant did not leave said home between the hours of 11 and 12 o'clock on said day, this being the time the prosecutrix testified she received the obscene telephone call from him; also affidavits of R. G. Phillips, O. L. Ragsdale and M. L. Mays, to the effect that on Sunday afternoon they, together with the defendant, frequently played poker at a certain place known to them in Forest Park.
On his trial the defendant offered evidence that he was at the home of the Rev. John O. Thomas at the time the prosecutrix received the obscene telephone call; in fact two of the witnesses, whose affidavits are appended to the extraordinary motion for new trial, Rev. John O. Thomas and Mrs. T. H. Jaynes, so testified on his trial. He also offered testimony that with other associates he sometimes played poker on Sunday afternoons in Forest Park. Lawrence Mays so testified on the trial, and while the affidavit of M. L. Mays to this effect is appended to the extraordinary motion for new trial, the record is silent as to whether Lawrence Mays and M. L. Mays are one and the same person. The affidavits of a number of persons are appended to the extraordinary motion for new trial to the effect that the reputation of the foregoing witnesses for veracity is in each instance good.
Error is assigned on the judgment of the trial court overruling the extraordinary motion for new trial.