## BURKE *v.* THE STATE.

No. 16722. JULY 11, 1949. REHEARING DENIED JULY 27, 1949.

*James R. Venable, Frank A. Bowers, Jackson L. Barwick,* and *H. C. Morgan* for plaintiff in error.

*Paul Webb, Solicitor-General* and *William Hall,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) There is in this record much testimony of numerous witnesses, other than the witness upon whose testimony the extraordinary motion for new trial is based, tending in some way to support the verdict of conviction. But there may be considerable doubt as to whether or not the verdict and judgment could have been "obtained and entered up without the evidence of such perjured person" as required by the Code, § 110-706. Therefore, giving the defendant the benefit of this doubt, and assuming for the purpose of this decision that the conviction rested upon the testimony of the perjured person, we move at once to a decision of the constitutional question which counsel for the movant concede will be decisive if the law is held valid as against the attack.

Before deciding this question, however, we wish to put at rest another argument made in favor of affirmance, which is that, irrespective of the validity of Code § 110-706, the newly discovered evidence, being merely impeaching in character, the judgment overruling the motion based thereon was demanded under the Code, § 70-204, and numerous decisions of this court holding that newly discovered evidence merely impeaching in character would not authorize the grant of a new trial. The fatal weakness of this argument lies in the fact that the evidence here is not merely impeaching in character, but has probative force, in that it shows a state of facts which differ from that to which the perjured witness testified upon the trial, and in addition makes serious charges against the prosecuting attorneys. In 39 Am. Jur. 174, § 160, it is said: "A distinction is to be drawn between evidence which impeaches a witness, in the sense that it affects the witness's credibility, and evidence which has

probative force, in that it shows a state of facts which differs from that to which the witness testified." It was held by the Supreme Court of the United States in Mooney *v.* Holohan, 294 U. S. 103 (55 Sup. Ct. 340, 79 L. ed, 791, 98 A. L. R. 406), Pyle *v.* Kansas, 317 U. S. 213 (63 Sup. Ct. 177, 87 L. ed, 214), N. Y. ex rel. Whitman *v.* Wilson, 318 U. S. 688 (63 Sup. Ct. 840, 87 L. ed, 1083), and White *v.* Ragen, 324 U. S. 760 (65 Sup. Ct. 978, 89 L. ed, 1348), that where it is shown and not denied that a conviction was procured by perjured testimony, which testimony the State's prosecuting attorney knew to be perjured at the time it was introduced, due process as guaranteed by the 14th amendment is denied. This rule refutes the foregoing contention. It does not strengthen the contention to assert that the movant's evidence is contradicted by the State's counter-showing, for the reason that in the event Code § 110-706 is invalid, then the contradictory evidence would make an issue of fact for the judge to decide in the exercise of his discretion, while, on the other hand, if that section is valid, the judge would not be authorized and could not lawfully give any consideration whatever to the movant's evidence. Thus we think that it is clearly demonstrated that a decision of the constitutional question is essential in this case. The movant relies upon the above-named decisions of the Supreme Court to support his contention that he has been denied due process of law in violation of the Constitution. It must be observed that Code § 110-706 is in harmony with those decisions, in that it provides that a conviction must be set aside when it appears that the same was obtained in consequence of corrupt and illegal perjury. But that section is but the exercise of the sovereign right of the State to fix rules of evidence. It is in harmony with Code § 38-101, which provides that "The object of all legal investigation is the discovery of truth. The rules of evidence are framed with a view to this prominent end, seeking always for pure sources and the highest evidence." The legislature was not merely seeking to fill up space when it adopted the section just quoted. That language reflects fairly the heart, character, and conscience of the State and its laws. The sole object of legal investigation is the discovery of truth, and our law unceasingly seeks that truth from the purest sources. The section here under attack seeks the purest source

from which proof of perjury may be obtained. It recognizes that when one and the same person, speaking under the solemnity of an oath, testifies to a state of facts and subsequently, speaking under the solemnity of an oath, gives testimony which completely contradicts his previous testimony and asserts that he committed perjury, the court, seeking the discovery of the truth, ought not to be called upon to say whether or not one of such statements is enough reliable evidence to authorize disbelief of the other. It is provided by the Code, § 38-121, that in order to convict for perjury there must be more than one witness or corroborating circumstances. Thus the section here under attack relieves the court of the burden of choosing between contradictory statements and requires evidence which is convincing and which comes from the purest source, to wit, a conviction for perjury. None of the decisions relied upon by the movant goes further than to hold that where the perjury, known to the State and upon which the conviction depends, is admitted by the State, due process is denied. They do not show that by State law provision was made to grant a new trial upon designated evidence of perjury. Here the averments of perjury, etc., are denied by the State, and an issue is thereby made which the court must decide, but under our law such decision must be based upon evidence which conforms to the rules of evidence as fixed by the law, and in this case the only evidence which will prove the allegations of the movant is a judgment convicting the witness of perjury. The law under attack applies to all persons alike, and, hence, obviously does not deny equal protection to anyone. It not only requires the setting aside of a judgment procured by perjured testimony, but prescribes the evidence by which the fact of perjury may be proved, thus affording due process. For the foregoing reasons it is held that Code § 110-706 is not unconstitutional upon the ground alleged in the motion and is valid. It follows that, since the motion here under consideration was not supported by the evidence required by the law, the trial judge did not err in overruling the same.

*Judgment affirmed. All the Justices concur. Atkinson, P. J., and Wyatt, J., concur in the judgment only.*