### 32746. SHIVES *v.* YOUNG.

DECIDED FEBRUARY 21, 1950.

*Jesse H. Watson,* for plaintiff in error.

*George A. Haas,* contra.

MacIntyre, P. J. ■ The true measure of damages in a suit brought by the vendor against the purchaser for the latter's refusal to perform his part of an agreement to buy land is the difference between the contract price and the market value of the land at the time of the breach. *Cowdery* v. *Greenlee,* 126 *Ga.* 786 (3) (55 S. E. 918); *Killarney Realty Co.* v. *Wimpey,* 30 *Ga. App.* 390 (6) (118 S. E. 581); *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960); *Gilbert* v. *Cherry,* 57 *Ga.* 128; *Brooks* v. *Miller,* 103 *Ga.* 712 (3) (30 S. E. 630). There was ample evidence to

authorize the jury to find that on October 19, 1949, the plaintiff and the defendant entered into a contract of purchase and sale of the plaintiff's house; that on that date the defendant made an offer to purchase which was in writing and which was accepted by the plaintiff, through his wife, acting under a power of attorney from him; that one of the special stipulations of the written contract was that the transaction should be completed on or before November 10; that the defendant before and after that date refused to accept the deed to the property tendered by the plaintiff, or to accept the property; and, that, therefore, the defendant breached the contract as of November 10; that the extension of time given by the plaintiff to the defendant within which to complete the transaction was merely an indulgence on the plaintiff's part and the extension was without consideration and in no way altered the respective responsibilities of the parties under the contract, or changed the effective date of the breach; that the fair market value of the property on November 10 was approximately $15,000; that the contract price was $16,200; that after the breach of the contract, the plaintiff sold the house for $15,750. The verdict of $730 is well within the correct measure of damages. While the difference between the market value, as estimated by some of the plaintiff's witnesses, and the contract price would have been $1200, it may well be that the jury from all of the evidence placed a higher market value thereon. The evidence authorized the verdict.

■ Special ground 1 assigns error upon the following portion of the court's charge: "When you have determined from this evidence what the fair market value is—of course you would not be called upon to determine the fair market value if you find that the offer to buy was withdrawn before it was accepted by Mrs. Young—but if you find it was accepted before it was withdrawn, then it would be your duty to fix the market value of the property on the 10th day of November, to find the market value on the property on the 10th day of November, 1948, and if that market value is less than $16,200, you should return a verdict for the plaintiff for the difference in the market value and $16,200, the contract price." Movant contends that this portion of the charge was erroneous for two reasons: (a) "It

was confusing and misleading to the jury since the charge made the paramount issue to be determined by the jury the market value of the real estate involved, whereas the market value was only to be considered after the jury had determined whether or not the offer had been withdrawn before it was accepted; [and] (b) because this portion of the charge was an unsound abstract proposition of law because the undisputed and uncontradicted evidence was that the plaintiff sold the property that was the subject of the contract being sued upon for $15,750 prior to the commencement of this suit and therefore the court should have limited the consideration of the jury as to the market value to be not less than $15,750 since the plaintiff, by his own testimony, could not have suffered any loss greater than the difference between $15,750, the amount for which the plaintiff sold said house, and $16,200, the contract price of said house." So far as it is set out, the charge appears to be correct and since the defendant does not specify as a part of the record or set out the entire charge of the court in the bill of exceptions, this court will presume that the trial court charged correctly for the contrary is not manifest from the portion of the charge set out in the motion for a new trial and excepted to. Subdivision (a) of special ground 1 is without merit. *Woolfolk* v. *Macon & Augusta R. Co.*, 56 *Ga.* 458; *Armour Fertilizer Works* v. *Dwight*, 22 *Ga. App.* 144 (4a) (95 S. E. 746); *Toney* v. *State*, 69 *Ga. App.* 331, 334 (25 S. E. 2d, 85).

In view of the ruling in division 1 of the opinion, on the correct measure of damages, the assignment of error upon the charge in subdivision (b) of special ground 1 is also without merit.

Special grounds 2 and 3, relating to the admission and exclusion of certain evidence, were not argued or insisted upon in the briefs and are treated as abandoned. *Glover* v. *Central Investment Co.*, 133 *Ga.* 62 (65 S. E. 147); *Cox* v. *Barton*, 23 *Ga. App.* 573 (99 S. E. 47).

The court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Gardner and Townsend, JJ., concur.*