33389. RUSSELL *v.* THE STATE.

DECIDED MAY 11, 1951.

*Frank W. Brandon,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, B. B. Zellars, William Hall,* contra.

MacIntyre, P. J. ■ Headnote 1 requires no elaboration.

■ "It is left to the sound discretion of the trial court to determine whether or not a child of tender years is a competent witness; and where the court examines a child as to its under-

standing of the nature of an oath and decides that it is competent to testify, this court will not interfere, where it does not appear that such discretion has been manifestly abused. Code, §§ 38-1607, 38-1610; *Moore* v. *State,* 79 *Ga.* 498 (3), 502 (5 S. E. 51); *Beebee* v. *State,* 124 *Ga.* 775 (53 S. E. 99); *Young* v. *State,* 125 *Ga.* 584 (4), 586 (54 S. E. 82); *Frasier* v. *State,* 143 *Ga.* 322 (85 S. E. 124); *Bell* v. *State,* 164 *Ga.* 292 (2) (138 S. E. 238); *Style* v. *State,* 175 *Ga.* 95 (165 S. E. 7)." *Gordon* v. *State,* 186 *Ga.* 615 (198 S. E. 678), and see also *Young* v. *State,* 72 *Ga. App.* 811 (35 S. E. 2d, 321).

Although, in the instant case, Janice Manley, a child of eight years, testified on preliminary examination of her competency as a witness that she did not know what she was doing when she was sworn as a witness and that she did not know what would happen to her if she told a story, the trial court observed that she was a bright and intelligent child; that she was above average in her school work as shown by her report cards, and that though she did answer on direct examination that she did not know what she was doing when she was sworn, no explanation was made to her and the question was put in such a manner that the court was of the opinion that a great many grown persons would have not answered the question. The court observed further that on cross-examination she stated that it was wrong to tell a story. Considered not only on the evidence alleged in the petition for certiorari but also on the answer of the trial judge, we think the trial court did not err in adjudging the child a competent witness and in the absence of a showing of manifest abuse of the trial court's discretion paragraph 6 d of the petition for certiorari is without merit.

■ In paragraph 6 f of the petition for certiorari, error is assigned upon the refusal of the trial court to give a requested charge upon the effect of the defendant's having put his character in issue by the testimony of numerous witnesses who swore that he was a man of good reputation. "[Where] the charge of the court was not sent up in the record . . this court will presume that the judge charged correctly, if the contrary be not manifest from the exception taken. *Woolfolk* v. *Macon & Augusta R. Co.,* 56 *Ga.* 458; *Trice* v. *Rose,* 80 *Ga.* 408 (2) (7 S. E. 109)." *Toney* v. *State,* 69 *Ga. App.* 331 (6), 334 (25 S. E. 2d,

85); *Reeves* v. *State,* 78 *Ga. App.* 402, 403 (50 S. E. 2d, 708); *Shives* v. *Young,* 81 *Ga. App.* 30, 33 (57 S. E. 2d, 874). The assignment of error in this ground is without merit.

The superior court did not err in overruling the certiorari for any reason assigned.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*