## 33573. STEMBRIDGE *v.* THE STATE.

DECIDED JUNE 5, 1951. REHEARING DENIED JULY 17, 1951.

*James M. Watts Jr.,* for plaintiff in error.  *Marion W. Stembridge,* pro se.

*C. S. Baldwin Jr., Solicitor-General,* contra.

TOWNSEND, J.  (After stating the foregoing facts.)

Code § 70-204 states in part as follows:  "A new trial may be granted in all cases when any material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him."  Extraordinary motions for a new trial based on newly discovered evidence are provided for in Code § 70-303.  From the affidavits attached to the motion it appears that the defendant's attorneys could not, in the exercise of all diligence, have discovered prior to the trial that the chief witness for the State had made prior contradictory statements which might have cast serious doubt on her credibility as a witness.  It further appears that evidence that the defendant and the deceased did not leave the first room would have been material, since on the trial of the case the defendant contended that he shot the Harrison woman in an effort to protect himself against an assault by her, whereas it was the State's contention that as she fled from him to the back of the house he deliberately followed with the intention of killing her.  Under Code § 38-1803, one method of impeaching a witness is by proving contradictory statements previously made by her as to matters relevant to her testimony and to the case.  When this is done, the effect of the evidence and the credibility of the witness is entirely a matter for the jury to determine.  See *Reed* v. *State,* 163 *Ga.* 206 (135 S. E. 748). It is thus evident that the newly discovered evidence is no more

than impeaching in character, for which reason it falls under the inhibition of Code § 70-204, although in every other respect it meets the requirements of this Code section dealing with the circumstances under which a new trial may be granted on the ground of newly discovered evidence. See *Taylor* v. *State*, 77 *Ga. App.* 532 (48 S. E. 2d, 711); *Burke* v. *State*, 205 *Ga.* 656 (54 S. E. 2d, 350).

■ It has been frequently held that the ultimate criterion by which the merit of newly discovered evidence should be measured is the probability of a different result. See *McDaniel* v. *State*, 74 *Ga. App.* 5 (38 S. E. 2d, 697); *Harper* v. *State*, 50 *Ga. App.* 298 (177 S. E. 886); *Todd* v. *Jackson*, 24 *Ga. App.* 519 (101 S. E. 192); *Carson* v. *State*, 20 *Ga. App.* 82 (92 S. E. 549); *Paden* v. *State*, 17 *Ga. App.* 112 (86 S. E. 287); *Nolan* v. *State*, 14 *Ga. App.* 824 (82 S. E. 377); *Deason* v. *State*, 11 *Ga. App.* 759 (76 S. E. 73); *Fehn* v. *State*, 11 *Ga. App.* 328 (75 S. E. 208); *Moore* v. *State*, 11 *Ga. App.* 259 (74 S. E. 1102). These cases must be distinguished from the one at bar because the newly discovered evidence was of a character whose probative value might be ,assessed by the courts in that it proved a new and different state of facts rather than merely attacking the credibility of the witness, in which latter case its value is within the exclusive determination of the jury. We know of no better way to show such value than by the affidavits of the ten jurors that they would have voted for a verdict of not guilty had this evidence been presented to them. This was matter for the consideration of the trial court, in whose discretion the grant or refusal of an extraordinary motion for a new trial largely rests. See *Rogers* v. *State*, 129 *Ga.* 589 (4) (59 S. E. 288); *Brown* v. *State*, 141 *Ga.* 783 (1) (82 S. E. 238); *Towler* v. *State*, 24 *Ga. App.* 362 (100 S. E. 787). The Court of Appeals, however, is a court for the correction of errors of law only and is vested with no such discretion. It can pass only upon the question of whether the action of the trial court in overruling the extraordinary motion for a new trial was error as a matter of law. The matter being discretionary with him, the judgment was not erroneous.

However, the excellent showing made might constitute a compelling reason for a tribunal invested with discretionary pow-

ers such as the Pardon and Parole Board of this State, to take affirmative action which is beyond the purview of this court.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*