### 33571. LONG *v.* THE STATE.

MacIntyre, P. J. 1. (*a*) "On an indictment for rape the defendant can be convicted of the offense of an assault with intent to rape, although the indictment does not contain an allegation of an assault." *Harris* v. *State,* 21 *Ga. App.* 75 (94 S. E. 75); and

(*b*) " 'In a case where a defendant is convicted of an assault with intent to rape, it is not essential that the testimony of the female in question be corroborated. *Rivers* v. *State,* 8 *Ga. App.* 703 (2) (70 S. E. 50) . . ' " *Atkins* v. *State,* 29 *Ga. App.* 255 (2) (115 S. E. 35); but

(*c*) "In the Penal Code, § 19 [Code, § 26-2508], it is declared, 'No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in pursuance of such attempt.' And in the case of *Welborn* v. *State,* 116 *Ga.* 522 (42 S. E. 773), it was

said: 'Under an indictment charging a person with rape a verdict finding him guilty of assault with intent to commit a rape is unwarranted, and contrary to the evidence, when it appears that some of the witnesses testified to the full accomplishment of the crime charged, and none· of them to an assault not included in the perpetration of the offense.' . . *Kelsey* v. *State,* 62 *Ga.* 558; *Johnson* v. *State,* 73 *Ga.* 107, and *Harris* v. *State,* 101 *Ga.* 530 (29 S. E. 423)." *Rich* v. *State,* 160 *Ga.* 513, 514 (128 S. E. 666); *Canida* v. *State,* 130 *Ga.* 15 (60 S. E. 104); *Welborn* v. *State,* supra.

2. " 'Rape is the carnal knowledge of a female, forcibly and against her will.' Code, § 26-1301. 'It shall be .unlawful for any person to have sexual or carnal intercourse with any female child under the age of 14 years, unless such person shall have previously become lawfully married to such female child.' § 26-1303. 'Any person who shall violate the provisions of section 26-1303 shall be guilty of rape.' § 26-1304. 'In rape there must be a penetration of the female organ of generation by the male organ of generation; that penetration may be slight or great, but there must be some penetration of the female organ by the male organ in order to consummate a rape.' *Fouts* v. *State,* 175 *Ga.* 71 (2) (165 S. E. 78). See also *Ravenel* v. *State,* 153 *Ga.* 130 (2) (111 S. E. 643). Proof that the vagina was entered is not essential to a conviction of rape, but proof that the vulva was entered is sufficient to show penetration, although the vagina be intact and not penetrated in the least." *Addison* v. *State,* 198 *Ga.* 249, 250 (31 S. E. 2d, 393); *Lee* v. *State,* 197 *Ga.* 123 (28 S. E. 2d, 465).

3. Applying the foregoing rules of law to the evidence, we hold that the verdict finding the defendant guilty of assault with intent to rape is unwarranted, and contrary to the evidence. It appears from the evidence without dispute that the victim was a child, eight years of age, and therefore under the age of consent. She testified to a penetration— "He stuck his tail in my tail," and that that hurt her. The mother of the child testified that the child's private parts were red and greatly swollen. The child's physician testified that such swelling is usually caused by *internal* bruising, that he found a tear inside the child's female organ, which could have been caused by a slight penetration. The mother testified that she found blood on the child's undergarments, and the doctor testified that the child was afflicted with a venereal disease, which, from the other evidence, and the defendant's statement, it appeared that the defendant also suffered. The defendant denied any connection with the offense at all. There was no other evidence of an assault save that included in the offense of rape, and under such a state of facts the defendant was guilty of the offense of rape or of nothing.

4. Where the evidence showed that a rape had been actually committed, and there was nothing to indicate the -perpetration of an assault not included in the crime of rape, an instruction that the jury might find the defendant guilty· of an assault with intent to rape was erroneous. *Rich* v. *State,* supra; *Canida* v. *State,* supra.

5. While in special ground 1 it appears that there was an objection to the child's mother's sitting on the witness stand or on the platform opposite her while the child was testifying, it does not appear from this ground that there was any specific objection to the court's allowing the mother

to remain in the courtroom, and it appears from the ground itself that the court did not permit the mother to sit in the positions objected to but ordered: "I will let the mother sit in a chair on the floor there, which is about eight feet away," to which there was no specific objection at the time of the trial. This ground of the motion for a new trial is without merit.

6. It is left to the sound discretion of the trial court to determine whether or not a child of eight years of age is a competent witness; and where the court examines a child as to its understanding of the nature of an oath and decides that it is competent to testify, this court will not interfere where it does not appear that such discretion was manifestly abused. *Russell* v. *State,* 83 *Ga. App.* 841 (65 S. E. 2d, 264), and citations.

For the reasons stated in grounds 1, 2, 3, and 4 of this syllabus, the trial court erred in overruling the motion for a new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

DECIDED SEPTEMBER 25, 1951.

*H. G. Vandiviere, Ben F. Smith,* for plaintiff in error.
*James T. Manning, Solicitor-General,* contra.