## 34034. TURNER *v*. THE STATE.

CARLISLE, J. Where, upon an extraordinary motion for a new trial in a criminal case, based solely on the ground of newly discovered evidence, the State makes a counter-showing, and the. trial court, as trior of the facts, is authorized to find from the affidavits and evidence submitted that the evidence was not newly discovered, but even if newly discovered, was merely impeaching in character, and there otherwise appears no abuse of the trial court's discretion, its judgment denying the extraordinary motion will not be disturbed by this court on appeal. *Burgess* v. *State,* 93 *Ga.* 304 (20 S. E. 331); *Taylor* v. *State,* 77 *Ga. App.* 532 (48 S. E. 2d, 711), and cases cited.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED JULY 1, 1952.

*Colley & Orr,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General,* contra.

In *Turner* v. *State,* 85 *Ga. App.* 113 (68 S. E. 2d, 209), this court affirmed the conviction of the defendant for an assault with intent to rape. In the present case, the same defendant has appealed to this court from a judgment of the same court

denying an extraordinary motion for new trial growing out of that same case. The extraordinary motion is based solely on the ground of newly discovered evidence. The gist of such evidence, which is contained in the affidavit of Theron Aldridge, is that he (Aldridge) was an employee of the Georgia Bureau of Investigation, and was present at the time the prosecutrix made her complaint to G. H. Lunceford, Sheriff of Wilkes County, that the defendant, a taxicab driver, had taken her beyond her stated destination; and, that—after the prosecutrix had finished talking to the sheriff, in which conversation no mention was made by the prosecutrix of any improper remarks having been made by the defendant or his having made any attempt to have sexual intercourse with her forcibly and against her will—he (Aldridge) asked the prosecutrix, "Did the driver place his hands on your person?" to which she replied, "He did not"; that to his question, "How did your clothing get torn?" she replied, "The clothing was torn when I jumped from the taxi"; and to his question, "Did the driver of the taxi make any proposals to you to have sexual relations with him?" she replied, "No, the only thing he said to me was, 'We are going to Whitehall,' when I asked him if we were going on the right road." Aldridge also swore that, although counsel or the defendant made inquiry of him concerning the complaint by the prosecutrix to the sheriff when he was present, he did not tell counsel of the prosecutrix's denial of any overt action toward her by the defendant until after his conviction.

The State made a counter-showing on the extraordinary motion for a new trial and submitted the affidavits of W. A. Slaton, Mayor of Washington, Georgia, and Burch Weber, Chief of Police of that city, to the effect that, on the defendant's appeal to the Mayor and Council of Washington from a conviction in the recorder's court for disorderly conduct, growing out of the same transaction for which he was indicted for the assault with intent to rape, counsel for the defendant, who represented the defendant in both cases, asked the prosecutrix if she did not deny, on the night she made her complaint before Sheriff Lunceford and Theron Aldridge, that the defendant had put his hands on her, to which she replied that she did not remember what she told the officers; and to the effect that, on the trial of the defend-

ant for assault with intent to rape, the same counsel argued to the jury that the prosecutrix had made conflicting statements, denying on the night of the alleged offense that the defendant had put his hands on her, and swearing on the trial that he had put his hands on her. The State also submitted a copy of the cross-examination of the prosecutrix by defendant's counsel on the trial of the charge of assault with intent to rape, which, having been reported in *Turner* v. *State*, supra, will not be repeated here.