86 Ga. App. 896 (1952)
73 S.E.2d 46
GRAHAM
v.
THE STATE.
34287.
Court of Appeals of Georgia.
Decided October 15, 1952.
Gibson & Maddox, R. A. Moore, Elie Holton, for plaintiff in error.
J. R. Walker, Solicitor-General, Kopp & Peavy, Dewey Hayes, contra.
*900 CARLISLE, J.
1. "Where, from the affidavits submitted in connection with a motion for a new trial, based on newly discovered evidence, it appears that the testimony relates to material facts which, upon another investigation, would likely produce a different result, and could not by the exercise of ordinary diligence, have been obtained at the trial, a new trial should be granted. This is true even though it be impeaching in its character, if it tends to establish a new and independent fact indicating the defendant's innocence." Saylors v. State, 9 Ga. App. 227 (70 S. E. 975); Harper v. State, 50 Ga. App. 298 (177 S. E. 886); and see Fellows v. State, 114 Ga. 233 (39 S. E. 885). In the instant case, there was no counter-showing made to the ground of the motion for a new trial, based on newly discovered evidence; and it appears from the affidavits in support of this ground that there was no want of diligence in discovering the new evidence, as the affiant furnishing the new evidence was not a resident of the county of the alleged crime, was only a dinner guest in the home next door to the scene of the alleged crime, and no one was aware, until after the trial, that he had the defendant under his observation during the time in which the alleged crime was supposed to have been committed; and while the newly discovered evidence is contradictory of the evidence offered by the witnesses for the State and is necessarily impeaching of those witnesses, it is not purely so; and while such evidence is corroborative of the defendant's statement and cumulative of that statement, it is not cumulative of any evidence adduced upon the trial, but is evidence of a fact which, if submitted to the jury and believed by them, would produce a verdict of acquittal, in that the affiant swears that the defendant was under his observation during the entire time that the alleged assault was committed, if the State's witnesses as to the sequence of the events are to be believed, that the defendant did not enter the prosecutrix' house, that the prosecutrix was not with the defendant during that time, and that the father of the prosecutrix came out of the house and struck the defendant without apparent provocation, and if true, the defendant could not have assaulted the prosecutrix at all, with or without intent to rape. We think, therefore, there was a manifest abuse of the court's discretion in refusing the defendant a new trial under the circumstances of this case and the uncontroverted facts contained in the affidavits in support of the ground of the motion for a new trial, based upon newly discovered evidence.
2. Since the same question is likely to recur upon the new trial, we will say here that the trial court did not err in admitting in evidence the testimony of the prosecutrix that on a prior occasion this same defendant had offered her "five dollars to go down the alley with him." Since the case involves a sexual offense or crime, the evidence here comes within the exception to the rule that evidence of other crimes is inadmissible. Dorsey v. State, 204 Ga. 345, 349 (49 S. E. 2d, 886); McMichen v. State, 62 Ga. App. 50, 51 (7 S. E. 2d, 749); Allen v. State, 201 Ga. 391, 395 (40 S. E. 2d, 144), and for the latest expression of the Supreme Court on the subject of evidence of other crimes, see Bacon v. State, 209 Ga. 261 (71 S. E. 2d, 615).
*897 3. As to the competency of the eight-year old prosecutrix as a witness, see Russell v. State, 83 Ga. App. 841 (65 S. E. 2d, 264); Long v. State, 84 Ga. App. 638 (6) (65 S. E. 2d, 264); Long v. State, 84 Ga. App. 638 (6) (66 S. E. 2d, 837).
Judgment reversed. Gardner, P.J., and Townsend, J., concur