41793. MOORE v. THE STATE.

ARGUED FEBRUARY 8, 1966—DECIDED FEBRUARY 24, 1966.

*Robinson, Thompson, Buice & Harben, Sam S. Harben, Jr.,* for appellant.

*Jeff C. Wayne, Solicitor General, C. Frank Strickland, Jr.,* for appellee.

NICHOLS, Presiding Judge. 1. In support of the ground of the amended motion for new trial based upon newly discovered

evidence the defendant attaches affidavits of two witnesses who placed him in Sunnyside, Ga. (some seventy miles from Gainesville, Ga. where the theft and stripping operation occurred) at the time the stolen automobile was being stripped. These affidavits are supported by the affidavits required by the decisions of the Supreme Court from which Code § 70-205 (which was repealed by the Act of 1965, Ga. L. 1965, pp. 18, 39) was codified, and no countershowing was made by the State.

Under the decisions of the Supreme Court in *Fellows v. State,* 114 Ga. 233 (39 SE 885), and of this court in *Saylors v. State,* supra, and *Graham v. State,* 86 Ga. App. 896 (73 SE2d 46), and similar cases, the evidence as to alibi was of the nature which requires a new trial. While it is true that the defendant made reference in his unsworn statement as to his whereabouts at the time he was supposed to be "stripping" the automobile, there was no evidence to support his statement, and as to diligence, the one witness who placed him at the scene of the "stripping operation" was a co-indictee whose name did not appear on the indictment as a witness. Any inquiry as to the time of the theft, so that alibi witnesses could be sought, would have shown the actual theft took place hours before the time the defendant was implicated. Accordingly, the trial court erred in denying the defendant a new trial on the basis of newly discovered evidence.

2. The evidence adduced upon the trial of the case did not authorize the charges upon lesser crimes as contended by the defendant. Under the evidence adduced he was guilty or not guilty of the crime charged.

3. Inasmuch as the case must be tried again and the evidence may not be the same on such trial the issues raised by the enumeration of errors that the verdict was contrary to the evidence, contrary to law and without evidence to support it will not be passed upon.

*Case remanded for new trial. Hall and Deen, JJ., concur.*