68805. CAMERON v. FRAZIER.
(324 SE2d 773)

CARLEY, Judge.

Appellant-plaintiff contracted to buy appellee-defendant's home on which there were two existing mortgages. The contract provided, in part, that appellant would "pay $5,000.00 cash at closing, $5,000.00 additionally to be paid in 60 days and execute note on above property in favor of [appellee] in the principal amount of $9,000.00 payable in five years at 6 months intervals at 12%, equal payments amounting to $1,201.10. Purchase price of said property shall be total cash payments, and purchase money note and the unpaid principal balance and accrued interest thereon at time of closing on first mortgage, payable to Decatur Federal Savings . . . in equal monthly installments of $303.11 . . . and second mortgage payable to Decatur Federal . . ., payment of $237.00 . . . ." The contract further provided that the sale would close on or before August 31, 1981. However, it is undisputed that the sale did not close by that date or at any time thereafter. Nonetheless, appellant apparently paid appellee $5,000 and entered into possession of the premises. "This created the relation of vendor and vendee, not that of lessor and lessee." *Lytle v. Scottish American Mtg. Co.*, 122 Ga. 458, 465 (50 SE 402) (1905).

Thereafter, it appears that appellee instituted an action against appellant in the State Court of DeKalb County, seeking a writ of possession and other relief. On February 5, 1982, appellee and appellant executed a written document denominated an "Agreement For Consent Judgment." This document provided that appellant would pay appellee a certain sum "on or before February 5, 1982" and an additional sum "on or before March 1, 1982." The document further provided that if appellant made the contemplated payments, appellee would dismiss his action in the State Court of DeKalb County, but if appellant did not make the payments, appellee would "be entitled to a judgment against [appellant] in the sum of Five Hundred Forty Dollars ($540.00) and shall receive an immediate writ of possession to dispossess [appellant] without further notice." The agreement also evidenced the parties' commitment "to exercise their best efforts . . .

to achieve a transfer of title to [appellant] and as far as practicable to transfer the existing mortgages on said property to the name of [appellant]. In the event that the transfer of the current indebtedness representing two mortgages in favor of Decatur Federal . . . may not be assumed by [appellant], the parties agree[d] to undertake their best efforts to ensure the continuation of said indebtedness and to execute all necessary documents in connection therewith."

Appellant paid appellee the February 5 payment as provided in the "Agreement For Consent Judgment" but did not make the March 1 payment. On March 12, 1982, appellant filed the instant action in the Superior Court of DeKalb County. The premise of appellant's complaint was his assertion that the two existing mortgages on the property could not be assumed by him. On the basis of this assertion, appellant sought certain equitable relief. Appellant also sought "restitution to the extent of Five Thousand Dollars ($5,000.00)," this amount apparently representing the original payment that appellant had made to appellee pursuant to the contract to purchase the property. This part of appellant's complaint was apparently a claim for money had and received. *Chappas v. Sandefur*, 93 Ga. App. 67 (91 SE2d 46) (1955).

Appellee answered appellant's complaint and counterclaimed. Appellee's counterclaim sought a writ of possession and $5,000 in actual damages. The basis upon which appellee predicated his counterclaim for $5,000 is unclear. Apparently, the amount represented appellee's claim for either contractual damages in the form of the unpaid second payment of $5,000 under the original contract of sale or a claim for property damage to the premises during appellant's occupancy.

On April 23, 1982, a hearing was conducted by the trial court. As the result, appellant was denied the equitable relief he had sought, leaving only his claim for "restitution" of his $5,000 down payment pending. The trial court further ordered that a writ of possession be granted to appellee instanter. Neither the equitable relief denied to appellant nor the writ of possession granted to appellee is at issue here.

Several months later, appellee moved for summary judgment as to the remaining issues in the case, to wit: Appellant's claim for "restitution" of $5,000 and appellee's counterclaim for $5,000 in damages. The trial court granted appellee's motion both as to appellant's "restitution" claim and appellee's counterclaim. Appellant appeals.

The movant for summary judgment has the "burden of showing the absence of any genuine issues of material fact which under applicable principles of substantive law would entitle [him] to a judgment as a matter of law. [Cit.]" *Scroggins v. Whitfield Finance Co.*, 152 Ga. App. 8, 10 (262 SE2d 168) (1979). Turning first to appellee's counter-

claim, there is no evidence to support the grant of summary judgment in the amount of $5,000. Construing the evidence most strongly against appellee as movant and in favor of appellant, the former's successful regaining the possession of the property constituted an election to rescind the executory contract of sale. See *McDaniel v. Gray & Co.*, 69 Ga. 433 (1882). "On such rescission the vendor is to be charged with any damages occasioned by his breach of the contract, and a fair rental value of the land under the agreement. [Cits.]" *McMillan v. Benfield*, 159 Ga. 457 (126 SE 246) (1924). There is nothing to support appellee's assertion that the additional $5,000 payment called for in the original contract was contemplated by the parties as liquidated damages for its breach. See generally *Lytle v. Scottish American Mtg. Co.*, supra at 466-467. The basic measure of damages for the asserted breach of a contract to purchase realty is the difference between the contract price and the market value of the property at the time of the breach. *Shives v. Young*, 81 Ga. App. 30 (57 SE2d 874) (1950). There is no evidence of record to support the award of $5,000 to appellee under the application of this measure of damages. Likewise, if appellee's counterclaim is construed as a claim for damage to the property itself, the award of $5,000 is without sufficient evidentiary support. The trial court erred in granting summary judgment to appellee on his counterclaim.

It was also error to grant appellee summary judgment as to appellant's "restitution" claim. Even if there was a valid and enforceable contract to sell the property, the issue remains as to whether, as appellant contends, the parties contemplated that the ultimate sale was nonetheless contingent upon his ability to assume the mortgages. On the record before us, this issue of contractual contingency has not been sufficiently addressed so as to warrant the holding that, as a matter of law, appellant cannot recover on his claim for return of the money he paid pursuant to the contract. See *Chappas v. Sandefur*, supra. Moreover, if the contract has been rescinded as the result of appellee's regaining the possession of the property, appellant would be entitled to restitution of the $5,000 that he paid pursuant to that contract. See *McDaniel v. Gray & Co.*, supra. "If on rescission the vendor keeps his land, he must account to the vendee for purchase-money paid in part performance of the contract by the vendee." *McMillan v. Benfield*, supra at 457 (4). See also *Lytle v. Scottish American Mtg. Co.*, supra; *Stephens v. Bond*, 155 Ga. 20 (115 SE 913) (1922). Accordingly, it was error to grant appellee summary judgment as to appellant's "restitution" claim.

In summary, genuine issues of material fact remain with regard to whether appellant was in breach of the contract to purchase appellee's property or had damaged it, and, if so, the extent of his ultimate liability therefor.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 29, 1984.

*Jeanne U. Smith*, for appellant.
*Quinton S. King*, for appellee.